THE STATE v. MILLER, *Appellant.*

Division Two, February 4, 1896.

1. **Criminal Law:** FRAUDULENT VOTING: INDICTMENT. An indictment which alleges that defendant once voted, and afterward, on the same day, at the same polling place, received another ballot and handed it to the judges with intent that it should be placed in the ballot box and fraudulently and feloniously caused said ballot to be numbered, etc., and put into the box as a legal ballot, charges no offense under Revised Statutes, 1889, section 3746, prohibiting a person from "voting more than once either at the same or a different place" or from "knowingly casting more than one ballot," since it does not use the language of the statute, or its equivalent, in charging the first offense that defendant voted more than once, or the second offense that he knowingly cast more than one ballot.

2. ———: ———: STATUTE. Said section 3746 charges two distinct offenses, the first of which is voting more than once and the second knowingly casting more than one ballot.

3. ———: STATUTORY OFFENSE: INDICTMENT. In order that an indictment based upon a statute should properly declare a crime, the defendant must be specially brought within all the material words of the statute and nothing should be taken by intendment.

*Appeal from St. Louis Criminal Court.*—HON. HENRY L. EDMUNDS, Judge.

REVERSED.

*R. F. Walker,* attorney general, *Wm. Zachritz,* circuit attorney, and *C. O. Bishop* for the state.

(1) The indictment is sufficient in all respects, and is even more comprehensive in its allegations than is required by the statute. It is not necessary under the section (R. S. 3746) to state whether the accused voted a second time in his own name, or in the name of another person; nor that he voted more than once at the same polling place, or at different polling places—

State v. Miller.

it is sufficient to aver that at an election held pursuant to law he voted more than once. Nor is it necessary to set out the names of the judges of election, since they are in nowise affected by the act of the accused, which is by statute made an offense. (2) The objection made and exception saved to the remarks of prosecuting counsel in opening the case to the jury are not preserved in the motion for new trial. (3) It was perfectly competent to show that appellant, at the election held on the sixth day of November, 1894, voted more than once, that being the offense with which he was charged under the statute, and, therefore, that he voted oftener than charged specifically in the indictment, both as making out the offense against which the statute is leveled and as showing the fraudulent purpose and intent of the accused. The statute makes it an offense to vote more than once, either at the same or a different place, hence it was competent to show that the accused voted any number of times more than once and at various places. Moreover, the question asked regarding the voting at the precinct number 2 was not objected to by the appellant, nor was the court moved to strike out the answer. (4) There was no testimony offered by the appellant that was excluded by the court, except the offer to introduce the naturalization papers of his father, which were wholly immaterial and irrelevant. (5) The instructions fully averred the law of the case, and were in all particulars correct.

SHERWOOD, J.—Defendant was indicted for fraudulent voting, and being found guilty, there was awarded to him two years' imprisonment in the penitentiary, and he appeals from that judgment. The indictment charges substantially as follows:

"That on the sixth day of November, 1894, a general election was held in the city of St. Louis, under

the constitution and laws of this state, for certain state officers; that defendant, on said day, in the city of St. Louis, did appear at polling place designated as precinct number 1, before the judges and clerks of election of the first ward of said city in and for said polling place, and did then and there vote and give in his ballot, which was numbered, marked, and placed in the ballot box by said judges; and that thereafter, on the same day, he appeared at said polling place and fraudulently and feloniously applied for and received a ballot paper in the name of a person other than himself (which said name was to the grand jurors unknown) and did then and there fraudulently and feloniously hand in the said ballot to the said judges, with the fraudulent and felonious intent that the same should be placed in the ballot box by the said judges, and did then and there fraudulently and feloniously cause and procure the said ballot to be marked, numbered, and put into the ballot box as one for a lawful and legal ballot, contrary," etc.

The section of the statute on which this indictment is presumed to rest, reads this way: "Every person who shall, at any election held in pursuance of the laws of this state, or of any city or other municipality thereof, vote more than once, either at the same or a different place, or shall knowingly cast more than one ballot  *  *  *  shall be deemed guilty of a felony, and upon conviction shall be punished by imprisonment in the penitentiary not exceeding five years, or by imprisonment in the county jail not exceeding one year, or by a fine of not less than fifty dollars, or by both such fine and imprisonment." Sec. 3746, R. S. 1889.

The sufficiency of the indictment was questioned both by motion to quash and in arrest.

The defendant is not represented in this court, and

so the task devolves on us, under the statute, to see if we can discover any material defects which authorize a reversal of the judgment rendered.

Looking for such defects, as is our duty, we need not go further than the indictment aforesaid. In the commencement of that portion of the quoted section it is observable that two offenses are created and made punishable: One arises where a person shall *"vote more than once,"* and the other where a person *"shall knowingly cast more than one ballot."* It is plain beyond expression that the indictment charges neither one offense nor the other.

It does not charge the first because it uses no such language as the statute employs, nor, for that matter, even equivalent words. It does not charge the second offense because it does not charge that defendant "cast more than one ballot;" nor had it done so would it have filled the measure of statutory requirement because of lacking the indispensable word *"knowingly."*

"The statutory indictment must specify on its face 'the criminal nature and degree of the offense, which are conclusions of law from the facts; and also the particular facts and circumstances which render the defendant guilty of that offense.'" 1 Bishop Crim. Proc. [3 Ed.], sec. 625.

In order to make an indictment based upon a statute properly charge a crime, "the defendant must be specially brought within all the material words of the statute; and nothing can be taken by intendment." Whart. Crim. Pl. & Prac. [9 Ed.], sec. 220. See, also, *State v. Sekrit*, 130 Mo. 401; *State v. Hayward*, 83 Mo. 299, and cases cited.

As the indictment charges no offense under the statute, it is needless to examine the testimony adduced at the trial. Judgment reversed and prisoner discharged.