# THE STATE v. ETCHMAN, Plaintiff in Error.

### Division Two, November 22, 1904.

1. **INDICTMENT: Roulette Wheel.** Where the statute denounces the setting up of a roulette table, an indictment which charges the setting up of a roulette wheel is insufficient. The character or device mentioned in the statute is not thereby sufficiently charged. The device should be charged by the name the statute gives it.

2. ———: **Roulette: Poker Table and Playing Cards.** The charge that the defendant "did set up and keep gaming tables and gambling devices, to-wit, one poker table, commonly so-called, upon which are used poker chips, commonly so-called, and cards, commonly called playing cards," etc., does not bring the indictment within the devices contemplated by the statute which makes it a felony to "set up or keep any table or gambling device called A B C, faro bank, E O, roulette, equality, keno or any kind of gambling table or gambling device, adapted, devised and designed for the purpose of playing any game of chance for money," etc. That offense is punishable under a different statute, and does not fall within the provisions of this. Ordinary playing cards do not fall within the character of devices enumerated in this statute.

3. ———: **Synonymous Words.** The words "designed" and "devised," used in the statute denouncing such gambling as roulette, keno, etc., are not synonymous.

4. ———: ———: **Devised and Designed.** Where a statute in its terms descriptive of the offense provides that certain gambling devices shall be "adapted, devised and designed" for the purpose of playing games of chance for money, an omission of the word "designed" from the indictment is fatal. The words "adapted, devised and designed" are essential facts, forming an important part of the definition of the offense, and all the forms of expression which will bring the defendant precisely within the definition of it must be used. Devised and designed do not mean practically the same thing.

Error to Buchanan Criminal Court.—*Hon. B. J. Casteel,* Judge.

REVERSED AND REMANDED.

*Culver, Phillip & Spencer* for plaintiff in error.

(1)   The indictment charges no offense.   The language of the statute makes it clear that it is no offense to set up or keep a table or device which is adapted or devised for the purpose of gaming, unless it is also designed for that purpose.   In other words a person may set up or keep a roulette table which is adapted and devised for the purpose of playing a game of chance for money and property; but if it is not designed, i. e., intended, for that purpose he is guilty of no offense.   We do not mean to say that, in order to constitute the offense, a person should be enticed, induced or permitted to bet or play at or upon such a device for money or property, for the statute makes no such requirement. But we do say that the mere setting up or keeping a faro bank or other device covered by statute is not unlawful unless it is designed for the purpose of playing a game of chance for money or property.   If the device is set up for that purpose, then the keeper is guilty when he permits others to play thereon, whether money or property, or anything else is bet or not.   The purpose for which the device is exhibited and not what is bet upon or by means thereof is the essential element of the offense.   The indictment alleges that it was "adapted" and "devised," but fails to allege that it was "designed" for the purpose, and is, therefore, fatally defective.   State v. Gilmore, 98 Mo. 213.   An indictment based upon a statute must contain all the forms of expression and descriptive words which will bring the defendant precisely within the definition of the statute. State v. Emerich, 87 Mo. 110; State v. Miller, 132 Mo. 297.   It is essential that an indictment for a statutory crime should aver every essential fact constituting the offense.   State v. Kirby, 115 Mo. 440; State v. Baskett, 52 Mo. App. 389; State v. Helen, 6 Mo. 263; State v.

Bryant, 90 Mo. 537; R. S. 1899, sec. 2194; State v. Gilmore, 98 Mo. 209. Of course, "playing cards" are a device within the meaning of section 2195 prohibiting betting on any kind of a gambling device, but the defendant is not indicted for betting. Is the defendant guilty because he set up or kept a "roulette wheel?" The statute does not specifically mention a roulette wheel. It does mention a roulette table. The statute applies only to those devices specifically mentioned and other devices of a similar kind. State v. Bryant, 90 Mo. 534; State v. Gilmore, 98 Mo. 209. (2) The indictment charges that the defendant set up and kept (1) a roulette wheel; (2) a poker table upon which are used (3) poker chips; and (4) playing cards. Neither a poker table nor poker chips nor playing cards separately nor all combined fall within the class of tables or devices prohibited by the statute. But it may be contended by the State that the court will not take judicial knowledge of the difference between a roulette table and a roulette wheel. If this be true an equally insurmountable obstacle confronts the State. It is certain that the indictment does not charge defendant with keeping any device specifically named in the statute. The statute prohibits a roulette table. The defendant is charged in the indictment with keeping a roulette wheel. It is not alleged that a roulette wheel is a table or device similar in kind to a roulette table or any of the other devices specifically enumerated. Unless a roulette wheel is a device similar in kind to a roulette table, no offense is charged. Huff v. Com., 14 Gratt. 643. (3) A motion in arrest of judgment was filed in this case, and the record shows that it was never passed upon by the trial court. This case is, therefore, prematurely in this court unless the position assumed by the trial court is correct. That court refused to pass upon the motion in arrest upon the theory that no motion in arrest could be filed after a plea of guilty, and, therefore, in contemplation of law there was no motion in

this case.   On this theory, to save our rights, we brought this case here on writ of error, and it is properly here now.   If the trial court is in error, the writ of error was prematurely sued out, and it ought to be dismissed with directions to the trial court to pass upon the motion in arrest.   The fact that the defendant entered a plea of guilty does not preclude him from attacking the indictment as charging no offense.   If no crime is charged in the indictment, none is confessed by pleading guilty thereto.   State v. Levy, 119 Mo. 434; State v. Ulrich, 96 Mo. App. 689.

*Edward C. Crow,* Attorney-General, for the State.

FOX, J.—As was said in the case of State v. Rosenblatt, decided at this term, and reported in 185 Mo. 114: ''From a conviction and sentence by the criminal court of Buchanan county, the defendant has taken his writ of error to this court.  Preliminary to any investigation as to the sufficiency of the indictment, the Attorney-General has moved to dismiss the writ of error on the ground that the cause was not prosecuted to a final judgment in the criminal court, because there is a motion in arrest of judgment yet pending before and undisposed of by the criminal court.   And also because the record  shows that defendant entered a plea of guilty and agreed to the judgment against him, and that no writ of error will lie in such case.   For a proper understanding of the questions thus raised, we must look to the record certified to us.''

The indictment upon which this prosecution is based, omitting caption, is as follows:

''The grand jurors of the State of Missouri, within and for the county of Buchanan aforesaid, being duly impaneled and sworn upon their oaths, do present that William Etchman on the 31st day of March, 1903, at the county of Buchanan and State aforesaid, did unlawfully and feloniously set up and keep gaming tables

and gambling devices, to-wit, one roulette wheel, commonly so-called; one poker table, commonly so-called, upon which are used poker chips, commonly so-called, and cards, commonly called playing cards, which said gaming tables and gambling devices were adapted, devised for the purpose of playing games of chance for money and property, and did then and there unlawfully and feloniously entice and permit divers persons, to the said grand jury unknown, to bet and play at and upon and by the means of said gaming tables and gambling devices, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State.''

Upon the legal propositions involved in the motion to dismiss the writ of error, it is sufficient to say that the law applicable to them was fully discussed and correctly applied in State v. Rosenblatt, supra. It is unnecessary to repeat what was said in that case. It is decisive of the questions presented upon this motion.

This leads us to the consideration of the only remaining proposition involved in this cause; that is as to the sufficiency of the indictment.

The statute upon which this indictment is predicated (sec. 2194, R. S. 1899), provides:

''Every person who shall set up or keep any table or gambling device commonly called A B C, faro bank, E O, roulette, equality, keno or any kind of gambling table or gambling device, adapted, devised and designed for the purpose of playing any game of chance for money or property, and shall induce, entice or permit any person to bet or play at or upon any such gaming table or gambling device, or at or upon any game played or by means of such table or gambling device, or on the side or against the keeper thereof, shall, on conviction, be adjudged guilty of a felony,'' etc.

It is apparent that the indictment in this cause does not charge the commission of the offense in the lan-

guage of the statute. First. The statute denounces the setting up or keeping of a roulette table, and the indictment charges that the defendant set up and kept a roulette wheel. Second. The statute, in its terms descriptive of the offense, provides that the devices must be *adapted, devised and designed* for the purpose of playing games of chance for money or property. The indictment omits one of the descriptive words, that is, *designed.*

At the very inception of the consideration of this proposition, we are confronted with the well-settled rule of law that an offense created and defined by the statute must be charged in the language of the statute or language of equivalent import. This distinction in charging offenses defined by a statute must be kept in view, that is, words are sometimes used merely descriptive of the offense, and are not used in creating it. If the descriptive words are not used in defining the offense, a less degree of certainty and precision of language is indulged; but if the words used constitute an essential part of the creation and definition of the the crime, then, as was said in State v. Emerich, 87 Mo. l. c. 115 and 116: "There is no rule of criminal law more firmly established than that which requires an indictment bottomed on a statute to contain all those forms of expression; those descriptive words, which will bring the defendant precisely within the definition of the statute."

In State v. Miller, 132 Mo. 297, the law applicable to the proposition under consideration is very clearly stated. It is said in that case:

"The statutory indictment must specify on its face 'the criminal nature and degree of the offense, which are conclusions of law from the facts; and also the particular facts and circumstances which render the defendant guilty of that offense.' [1 Bishop, Crim. Proc. (3 Ed.), sec. 625.] In order to make an indictment based upon a statute properly charge a crime, 'the de-

fendant must be specially brought within all the material words of the statute; and nothing can be taken by intendment.' [Whart. Crim. Pl. & Prac. (9 Ed.), sec. 220. See, also, State v. Sekrit, 130 Mo. 401; State v. Hayward, 83 Mo. 299, and cases cited.]''

In State v. Kirby, 115 Mo. 440, it was expressly ruled that every fact constituting the essential elements of the offense must be alleged. GANTT, J., in speaking for this court, said: ''This being a statutory crime, it is essential that the indictment should contain an allegation of every essential fact constituting the offense. This rule of criminal pleading, Mr. Bishop rightly declares, pervades the entire adjudged law of criminal procedure. [1 Bishop on Criminal Procedure, 81; State v. Terry, 109 Mo. 601.]''

Applying these well-settled rules of law to the indictment under consideration, there is no escape from the conclusion that it fails to charge the offense created by the statute upon which it is based. In the first place, the statute denounces the setting up of a ''roulette table,'' and to charge the setting up of a ''roulette wheel'' is not a sufficient charge of the character of device mentioned in the statute. It may be said that those who are familiar with the game know that ''roulette wheel'' has reference to ''roulette table.'' That does not meet the difficulty; the lawmakers presumably knew the character of device they intended to suppress, and it was called a table, and it certainly is not to be expected of the courts to hold that the pleader can call it a wheel and that ''roulette table'' and ''roulette wheel'' will be treated as synonymous and applicable to the same character of device.

It may be that the device, a roulette table, as named in the statute, must include, in order to make a complete device, a ''roulette wheel,'' but it does not follow that the reverse is true—that a ''roulette wheel'' would include a roulette table; it takes both the table and wheel to constitute the device prohibited by the statute,

and, in order to include both, it must be charged by the name the statute gives it, a roulette table.

This brings us to the charge in the indictment of the device alleged as a "poker table," commonly so called, upon which are used poker chips, commonly so called, and cards, commonly called "playing cards." It is sufficient to say that the table charged as a poker table, and the use of it as alleged, does not place it within the devices contemplated by the section upon which the indictment is framed; but would be punishable under a different statute which denounces offenses of that character.    It has been expressly ruled that the offense as contemplated by that part of the charge does not fall within the provisions of section 2194, Revised Statutes 1899.    [State v. Gilmore, 98 Mo. 209.]

It may be said that, in that case, the sufficiency of the indictment was not in fact passed on; but it will be observed that the indictment substantially charged the same character of device, a poker table, the manner of its use, etc., as is charged in that part of the indictment now being considered.    A trial was had upon the indictment in that cause, and upon appeal to this court, it was clearly announced that ordinary playing cards did not fall within the character of devices enumerated by the statute.

Again, it may be said in reference to the charge respecting the poker table in this indictment, that conceding for the moment that the Gilmore case is not applicable, it is essential to the validity of that charge that it be made in the language of the statute.    The terms "adapted, devised and designed," applicable to the device, are not merely words descriptive of the offense, but they are essential facts, forming an important part of the definition of the offense.    To properly define the offense as to a device that is not specially mentioned in the statute, it must be alleged that the device was adapted, devised and designed for the purpose of playing games of chance for money or property.

This indictment omits one of the essential elements of the offense, in this, that it fails to charge that the device was *designed* for the purpose of playing games of chance, etc. The contention by the State that *devised and designed.* practically mean the same thing, hence no necessity for the allegation *designed,* cannot be maintained. The terms are not synonymous, and it is apparent that they are not so used. A device may be devised to answer a particular purpose, and yet there may be no design or intention of using it for that purpose. In other words, it may be said that a device is invented and planned for a specific purpose, yet it may not be the intention of the inventor to set it up or use it for that particular purpose. The terms used are essential in the creation of the offense, and "all the forms of expression" which will bring the defendant precisely within the definition of it, must be alleged.

For the reasons herein indicated, the judgment will be reversed and the cause remanded. *Gantt, P. J.,* concurs; *Burgess, J.,* absent.