# Ex parte EDWARD J. FLEMING v. J. J. WENGLER, Constable.

**In Banc, December 21, 1916.**

1. **GAMBLING: Betting on Horse Race: Misdemeanor.** The mere act of two persons betting privately with each other on the result of a horse race is gambling, but the offense is only a misdemeanor.

2. **CUSTODIAN OF BETS: Horse Racing: Felony.** The term "custodian" used in the statute (Laws 1907, p. 232; Sec. 4749, R. S. 1909) embraces all persons who receive and hold money as the stakeholder of bets laid upon the result of a horse race; and the Legislature, in enacting said statute, intended to create a new and distinct offense, punishable as stated therein, which may include imprisonment in the penitentiary, if said statute is valid.

3. ————: **Wisdom of Statute.** The courts cannot question the wisdom of the Legislature in enacting a statute which makes the act of the stakeholder in becoming the custodian or depositary of money wagered on a horse race a felony, although the act of the bettors is only a misdemeanor. The Legislature, so long as it keeps within constitutional limits, can enact any law which seems wise to it.

4. ————: **Title to Statute.** A title to an act which, among other things, recites that it is "an act prohibiting . . . the receiving as custodian of money wagered upon contests of skill, speed or power of endurance of man or beast" is broad enough to forecast a provision in the body of the act making it a felony to become the custodian or depositary of money wagered on the result of a horse race.

5. ————: ————: **Enactment at Special Session.** Section 4749, Revised Statutes 1909 (Laws 1907, p. 232), whose purpose was to suppress immediately the evil of race-track gambling, was within the purposes specified in the call made by the Governor for the reassembling of the Legislature in special session.

6. ————: **Interstate Commerce.** The statute (Sec. 4749, R. S. 1909) which makes it a felony for any one to become the custodian of money wagered on a horse race was not an attempt to regulate interstate commerce, and the question of whether or not communications by telephone constitute interstate commerce is not involved in a prosecution charging defendant with having received within this State as custodian the money of two others wagered on a horse race, in violation of said statute.

*Habeas Corpus.*

APPLICATION DISMISSED.

*T. J. Rowe* and *Thos. J. Rowe, Jr.,* for petitioner.

(1) It is no offense to be the custodian of a bet or wager upon a trial of skill, speed or power of endurance of man or beast. Ex parte Roberts, 157 Cal. 472. The Supreme Court of California, in the Roberts case, held that a person, who, without consideration, gain, hire or ¡reward, became the custodian or depositary of ten dollars in money bet by two persons with each other upon the result of a horse race then about to take place in the State of California, was guilty of no offense and that a person held in custody on a complaint charging him, with so doing is entitled to be discharged upon writ of *habeas corpus.* In the Roberts case the petitioner was charged with a violation of section 337A of Penal Code of California enacted in 1909 (Stat. 1909, p. 21), which is in all essentials, except penalty, a re-enactment of section 351 of the Penal Code of New York. Section 351 of the Penal Code of New York is substantially the same as Sec. 4749, R. S. of Missouri, 1909. People ex rel. v. Langan, 196 N. Y. 260; People ex rel. v. McLaughlin, 128 App. Div. 599, 113 N. Y. Supp. 188. (2) Sec. 4749, R. S. 1909, in so far is it makes it a felony to be the custodian of any money, bet or wager, is unconstitutional and void, because the Legislature under the Governor's proclamation and message had no authority to pass same. The power of the General Assembly in extra session is limited by section 55, article 4, Constitution of Missouri. See also in this connection article 5, section 9, and the decisions thereunder as follows: Wells v. Railroad, 110 Mo. 286; St. Louis v. Withaus, 16 Mo. App. 247; State v. Railroad, 253 Mo. 642; House Journal, Forty-fourth General Assembly, extra session.

*John T. Barker,* Attorney-General, and *Kenneth C. Sears* for respondent.

(1) Sec. 4749, R. S. 1909, condemns "any person who becomes the custodian or depositary of any money, bet or wager or to be bet or wagered upon any trial

or contest of skill, speed or power of endurance of man or beast, which is to be made or take place within or without this State.'' The meaning of that provision is clear. It condemns any person who does the act specified, regardless of whether he does it for hire or privilege. State v. Cummings, 248 Mo. 509. (2) The title is sufficient, and the matters contained in the act relate to a single subject-matter. State v. Burgdoerfer, 107 Mo. 1; State ex inf. v. Delmar Jockey Club, 200 Mo. 56; State v. Brodnax & Essex, 228 Mo. 53; Ex parte Herman, 45 Tex. Crim. 343. (3) The special session of the General Assembly in 1907 had sufficient authority to enact section 4749. Senate and House Journals for 1907 (Extra session); State v. Woolen, 128 Tenn. 456.

BOND, J.—I. The petitioner, who is in custody under a warrant issued by a justice of the peace upon a charge of violating section 4749 of the Revised Statutes of 1909, sued out a *habeas corpus* in this court, praying for his discharge. The statute under which the petitioner was arrested, so far as it need be quoted, is, to-wit:

''Or any person who becomes the custodian or depositary of any money, bet or wager or to be bet or wagered, upon any trial or contest of skill, speed or power of endurance of man or beast which is to be made or take place within or without this State . . . shall, on conviction, be adjudged guilty of a felony and shall be punished by imprisonment in the penitentiary for a term of not less than two years nor more than five years or by imprisonment in the county jail for a term of not less than six months or more than one year, or by a fine of not less than $500, or by both such fine and imprisonment.'' [Laws 1907, p. 232; now R. S. 1909, sec. 4749.]

It was stated in the affidavit for the warrant that two persons made a bet with each other of five dollars apiece on the result of a horse race in St. Louis County, and that petitioner knowingly became custodian of the ten dollars so wagered, thereby committing a felony

II. The mere act of two persons betting privately with each other on the result of a horse race is gambling, but the offense is only a misdemeanor and not **Custodian of Bets.** a felony. [Ullman v. St. Louis Fair Assn., 167 Mo. l. c. 283, and cases cited.]

The section under review was presented to this court in State v. Cummings, 248 Mo. 509, where it was held that the term "custodian" embraced all persons who received and held money as the stakeholder of bets laid upon the result of a horse race, as the affidavit shows was done by petitioner. Unless, therefore, the act under review was illegally enacted, the petitioner must be remanded to the custody of the officer who held him in charge under the process issued by the justice of the peace, although to do so presents the singular incongruity of an intention on the part of the Legislature to make the stakeholder of two bettors guilty of a felony in so doing, whereas the principals who made the bet were only guilty of a misdemeanor; for it has been distinctly held by Judge GANTT, in State v. Oldham, that when the Legislature enacted an anti-bookmaking law similar to this, it had no intention to prohibit "even betting on horse races," but intended to prohibit the evils of pool-selling and bookmaking and the maintenance of gambling houses, with books, devices and paraphernalia to accomplish those purposes. [State v. Oldham, 200 Mo. l. c. 555, 556.] It is not for us, however, to question the wisdom of the Legislature in so doing, unless the enactment in question is prohibited either by the Constitution of the State or the Constitution of the United States. The lawmaking body is one of the three co-ordinate heads of our government and unless restricted by constitutional provisions, state or national, may enact any laws which seem good to it.

Under the authority of State v. Cummings, 248 Mo. 509, we must conclude that the Legislature in prohibiting any one to be the stakeholder of two private bettors, intended to create a new and distinct offense punishable as stated in the concluding paragraph of the above statute.

III. It is insisted also that the act in question is violative of the provision of the Constitution relative to its title, in that it failed to point out therein the definite subjects of legislation contained in the body of the bill. We are unable to assent to that view. The title of the act in question is to-wit: "Crimes and Punishments: Book-Making and Pool-Selling. An act prohibiting book-making, pool-selling, registration of bets, or the receiving as custodian of money wagered upon contests of skill, speed or power of endurance of man or beast, and prescribing a penalty therefor, with an emergency clause."

Title to Statute.

The contents of the bill are, in substance, a reenactment of the previous bill forbidding book-making and pool-selling, adopted at the general session of the Legislature with slight changes, all of which are within the general forecast afforded by the title. We, therefore, hold that it was not passed in violation of this constitutional provision.

IV. It is insisted by the learned counsel for petitioner that the act in question is not within the purposes specified in the call made by the Governor for the re-assembling of the Legislature after the adjournment of its regular term. A careful consideration of the terms of his proclamation and the purpose had in view to suppress instantly the evil of race-track gambling without waiting until the measure passed by the Legislature at its regular term should take effect, satisfies us that the bill passed at the called session was within the general intendment of the subject of legislation submitted by the proclamation of the Governor.

Called Legislative Session.

V. Neither do we think that the act in question was an attempted exercise by the Legislature of the control of interstate commerce. The only argument adduced in support of that view is that telephone communications have been held to be transactions in interstate commerce. Without passing on that point it is enough to say that the

particular clause of the act in question presented by this application for *habaes corpus* does not relate in any way. to the matter of telephonic communications, but is confined solely to the question of whether or not petitioner was the custodian of a sum of money agreed by two bettors to be wagered upon a forthcoming horse race.

It results that the petitioner in this cause is remanded to the custody of the officer and the application for *habeas corpus* is dismissed. All concur, except *Graves, C. J.,* not sitting.