THE STATE, Appellant, v. WILLIAM HUBER.

Division Two, June 5, 1924.

1. **INFORMATION**: General Rule. · To charge a crime based on a statute the defendant must by the information be brought specifically within the material words of the statute.

2. ———: **Registering Bets**: Proposition to Bet. Under the statute declaring that any person who "records or registers a bet or wager" upon the speed of any horse shall be adjudged guilty of a felony, the information must charge that a bet or wager was made, and unless it so charges it is not sufficient. It is the recording or registering of an actual bet or wager, and not a mere proposition to make a bet or wager, that is denounced by the statute; and an information charging that another delivered to defendant a written proposition asking defendant to place a bet upon a certain horse at certain odds, and charging that defendant orally accepted such proposition, but specifying no amount of money, is not a charge that defendant recorded or registered such bet, and does not charge the crime denounced by the statute.

Headnote 1: Indictments and Informations, 31 C. J. sec. 257. Headnote 2: Gaming, 27 C. J. secs. 137 (1926 Anno), 202 (1926 Anno).

Appeal from St. Louis County Circuit Court.—*Hon. J. W. McElhinney*, Judge.

AFFIRMED.

*Adam Henry Jones,* Prosecuting Attorney, and *Wilfred Jones*, Assistant Prosecuting Attorney, for appellant.

When the defendant received the three papers in writing which are described in the information, and Wil-

liam Reilly, by his written paper, offered and agreed with the defendant to make a bet and wager with him at not less than 3 to 1 on a horse named Logan Boy in a contest of speed and endurance that was about to take place on a race track, and when he orally agreed with William Reilly to place the bet and wager for him on said Logan Boy in the contest of speed and endurance on the horses named in the information, he thereby, in violation of Section 3536, recorded and registered a bet or wager upon the result of a trial and contest of speed of the horses that were about to race on the race track described in the information.

HIGBEE, C.—The information, it is claimed, charges the defendant with recording and registering three bets or wagers in violation of Section 3536, Revised Statutes 1919. The information was adjudged insufficient upon demurrer and the State appealed, as provided by Section 4099, Revised Statutes 1919.

The information, which is duly verified, charges that on April 28, 1923, the Creve Coeur Driving Club held trotting and pacing races to test the speed and endurance of Logan Boy, Baby Policy, R. L. McGrerror and other horses, at its race track at Creve Coeur in St. Louis County; that at said time and place one William Reilly delivered to defendant a paper writing in the words and figures following: "Will you try and place a commission on Logan Boy at not less than 3 to 1? Wm. Reilly."

That J. Smith delivered to defendant a paper reading: "Will you place a commission on Baby Policy at not less than 6 to 1? J. Smith."

That on said date E. A. Jackson delivered to defendant a paper reading: "Will you place a commission on R. L. McGrerror at not less than 8 to 5? E. A. Jackson."

That said paper writings were all delivered to defendant on the race track at Creve Coeur, owned and operated by said Creve Coeur Driving Club, before the contest of speed and endurance between said horses,

and that said William Reilly, by said written paper, offered and agreed with the said Huber to make a bet and wager with him at not less than 3 to 1 on Logan Boy in said contest of speed and endurance aforesaid; that the said William Huber orally agreed with the said William Reilly to place said bet and wager for him on said Logan Boy in said contest of speed and endurance aforesaid. (Here follow similar allegations as to the bets and wagers of Smith and Jackson.) That the said William Huber, on the 28th day of April, 1923, in the County of St. Louis aforesaid, unlawfully, knowingly and feloniously registered and recorded said bet and wager of William Reilly, and said bet and wager of J. Smith and said bet and wager of E. A. Jackson on the result of a trial and contest of speed and endurance between horses commonly known as trotting horses in said race thereafter to be trotted on the race track aforesaid, by receiving from William Reilly the paper writing aforesaid and orally agreeing with him to place a bet and wager for him on said horse, Logan Boy, in said contest of speed and endurance about to be made as aforesaid (here follow similar averments as to bets on the other two horses); and that the said William Huber on said 28th day of April, 1923, at the County of St. Louis, was then and there unlawfully, knowingly and feloniously guilty of recording and registering the aforesaid bets upon the result of a trial and contest of speed between the horses aforesaid to take place at the Creve Coeur race track aforesaid, by receiving the paper writings aforesaid from said William Reilly, J. Smith and E. A. Jackson and agreeing with said William Reilly, J. Smith and E. A. Jackson to make bets and wagers which said Reilly, Smith and Jackson requested him to make by said paper writings in manner and form as aforesaid, in violation of Section 3636 (3536?) R. S. 1919, by then and there unlawfully, knowingly and feloniously registering and recording bets aforesaid, in manner and form as aforesaid, contrary

304 Mo. Sup.—2.

to the form of the statute in such case made and provided and against the peace and dignity of the State.

Counsel contend in their printed argument:

"The proposition of law presented by the information is, did the defendant Huber register and record bets by receiving the written papers from the persons described in the information and agreeing with said persons to make the bets and wagers described in their written papers? The contention of the appellant is that by receiving said written papers he adopted said papers as his papers; they became his papers and the writing requesting a bet, when received and accepted by him, became a registration and a recording of the bets."

The third paragraph of Section 3536, Revised Statutes 1919, reads:

". . . or any person who in this State records or registers a bet or wager or sells pools upon the result of any trial or contest of skill, speed or power of endurance of man or beast, which is to be made or to take place within or without this State, . . . shall, on conviction, be adjudged guilty of a felony," etc.

"In order to make an indictment based on a statute properly charge a crime, 'the defendant must be specially brought within all the material words of the statute; and nothing can be taken by intendment.'" [State v. Miller, 132 Mo. 297, 300; State v. Etchman, 184 Mo. 193, 194.]

The papers pleaded as bets and wagers are requests to place commission. If the word "commissions" meant or was understood to mean "bet" or "wager," nevertheless each paper is an indefinite proposition to place a bet on a certain horse at certain odds; no amount of money is specified. The information does not charge that any bets or wagers were made; therefore it must be assumed that no bet or wager was made. [State v. Zingher, 259 S. W. 451, 453, 2.] It is the recording or registration of an actual bet or wager, and not a proposition to make a bet or wager, that is denounced by the statute. There

being no allegation that any bet or wager was made, the information fails to charge a violation of the statute. [Ex parte Fleming v. Wengler, 269 Mo. 366.] The judgment is affirmed. *Railey, C.*, concurs.

PER CURIAM:—The foregoing opinion of HIGBEE, C., is hereby adopted as the opinion of the court. All of the judges concur.