## Ex Parte Allen.

1.  **Criminal Court of the Sixth Judicial Circuit and Johnson County:** TEMPORARY JUDGE. The judge of the criminal court of the sixth judicial circuit and Johnson county, is the judge of a circuit within the meaning of section 29, article 6, of the constitution of 1875, and of the act of May 19th, 1877, (Acts 1877, p. 217,) and in the event of his absence the members of the bar in attendance may elect a temporary judge for the trial of causes, as prescribed by that act.

2.  ———. Where the 4th section of the act establishing that court provides, " All acts now in force, or that may hereafter be enacted, regulating the criminal practice and proceedings in courts of record, shall govern the proceedings in said criminal court so far as the same may be applicable," and where the Legislature, in conformity to the constitution, by a subsequent act made provision for supplying the place of a criminal judge in the event of his sickness, absence or inability to hold court, by selecting or electing an attorney to fill his place, it was held that such statutory provision was one " regulating the criminal practice and proceedings in courts of record," and therefore applicable to the criminal court of the sixth judicial circuit and Johnson county, according to the express terms of the 4th section aforesaid.

*Petition for Habeas Corpus.*

*Jacob C. Fisher* for petitioner.

*J. L. Smith,* Attorney-General, and *William Young* for the warden of the penitentiary.

SHERWOOD, C. J.—The grounds whereon the petitioner relies for his discharge from the custody of the warden of

the penitentiary is that the proceedings had in the criminal court in Lafayette county, which resulted in his conviction, sentence and consequent incarceration, are without warrant of law, and therefore void. This claim has for its basis that the act of May 19th, 1877, (Sess. Acts of that year, p. 217,) is only applicable to circuit courts, *eo nomine*, and not to those possessing merely jurisdiction for the punishment of crimes, as in the case at bar. Section 29, article 6, of the present constitution provides : " If there be a vacancy in the office of the judge of any circuit, or if the judge be sick, absent, or, from any cause, unable to hold any term, or part of term, of court, in any county in his circuit, such term, or part of term, of court may be held by a judge of any other circuit; and, at the request of the judge of any circuit, any term of court, or part of term, in his circuit may be held by the judge of any other circuit, and in all such cases, or in any case, when the judge cannot preside, the General Assembly shall make such additional provision for holding court as may be found necessary." The act to which reference has been made is in conformity to the constitution and provides that whenever the judge of "any circuit" shall be sick, absent, &c., and that whenever the judge, from any cause, shall be unable to hold any term or part of term of court, and shall fail to procure another judge to hold such term or part of term, or if the judge be interested or related to, or of former counsel for either party, and when the judge, for any reason, cannot properly preside, and the parties fail to agree in the selection of one of the attorneys of the court to preside, that the the attorneys may elect one of their number to hold court. The Hon. Wm. H. Hill, judge of the court, being unable to attend, an election was held in attempted conformity to the statutory provisions just cited, resulting in the election of William Walker as temporary judge, who, thereupon, acted in that capacity, with the result already announced.

I. It will be observed that neither the constitution

nor the act of May 19th, 1877, uses the words "if the judge of any circuit *court* be absent," &c., but the phrase employed alike in the organic and statutory law is, "judge of *any circuit*." This language would seem to be broad enough to embrace the court in which the trial was had; for by the law of its organization, approved March, 1875, the court was designated as "The criminal court of the sixth judicial circuit and the county of Johnson." This designation is regarded as sufficient to bring it within the terms of both the organic and statutory provisions. And, in this connection, we should not be unmindful that both the constitutional convention and the Legislature, as well as the people who adopted the constitution, were not ignorant of the existence of the criminal circuit in question, nor of the same imperative necessity for suitable provision in the event of the absence of the judge.

II. But if it be said that this reasoning is not altogether free from flaw, the conviction of the petitioner may well be upheld because of the provisions of the 4th section of the act which establishes the court. That section provides : "All acts now in force, or that may hereafter be enacted, regulating the criminal practice and proceedings in courts of record; * * shall govern the proceedings in said criminal court, so far as the same may be applicable." This section must be deemed as conclusive, and for these reasons : that it was perfectly competent for the Legislature to refer to other statutes then in existence, in aid of the provisions of the statute then being enacted, (*State ex rel., &c., v. Geiger*, 65 Mo. 306); and it was equally competent, for a like purpose, to refer to statutes which might thereafter be enacted. On turning to article 5 of Practice in Criminal Cases, 2 Wag. Stat. 1097, we find § 15 makes provision for the removal of any indictment or criminal prosecution pending in any circuit court, to a different circuit, whenever the judge of the particular court is incompetent to sit. Now it surely cannot, with any show of reason, be urged that § 15 would

not have been applicable if, prior to the passage of the act of May 19th, 1877, Judge Hill was disqualified from sitting in a given criminal cause. If this be true, as it unquestionably is, does an act cease to be one "regulating the criminal practice and proceedings in courts of record" because it obviates the necessity for the removal of a criminal prosecution, by making provision for the election of a temporary judge? This question furnishes its own answer. It follows, therefore, that this case bears not the remotest resemblance to that of *ex parte Snyder*, (64 Mo. 58,) relied on by counsel for petitioner; because here was an office duly recognized and established by, as well as temporarily filled, in strict conformity to law. The prisoner will be remanded to the custody of the warden. All concur.

REMANDED.