State v. Hill.

THE STATE v. HILL, Appellant.

Division Two, November 7, 1898.

1. **Constitution:** SPECIAL LAW: BUCHANAN CRIMINAL COURT. Act March 1, 1897, providing that the judge of the criminal court of Buchanan county may be called on by the circuit judge of any other county to hold a term or a part thereof in such other county, and vesting him in such case with the powers of a circuit judge, is a special law, and repugnant to Constitution, article 4, section 53, prohibiting special legislation regulating the practice or jurisdiction of judicial proceedings.

2. ——: ——: ——. Said act is repugnant to Constitution, article 4, section 53, paragraph 32, prohibiting the enactment of a special law where a general law can be made applicable.

State v. Hill.

3. ———: ———: ———: UNIFORMITY OF OPERATION. 2 Revised
    Statutes 1889, page 2209, section 3, gives the judge of the criminal
    court of Buchanan county the powers of a circuit judge in crimi-
    nal cases. Act March 1, 1897, vests him whenever called on by a
    circuit judge of another county to hold a term or a part thereof,
    with the powers of a circuit judge in civil and criminal proceedings.
    *Held*, that the latter provision is invalid for want of uniformity of
    operation.

*Appeal from Platte Circuit Court.*—Hon. R. E. Culver,
Special Judge.

REVERSED AND REMANDED.

James W. Coburn, James H. Hull and James W.
Boyd for appellant.

(1) The Honorable Romulus E. Culver, judge of the
criminal court of Buchanan county, had no jurisdiction or
authority of law or qualification to try said case. He was,
at the time of the trial, judge of the criminal court of Buch-
anan county. That court was established in 1885. The
act establishing it is found in the Revised Statutes at page
2208. The amendment to that act, approved March 1, 1897,
is unconstitutional and void. Acts of 1897, p. 79; Consti-
tution of Missouri, art. 4, sec. 53, subdiv. 17; art. 6, sec. 23;
State v. Kring, 74 Mo. 612; Ex parte Allen, 67 Mo. 534;
State v. Hayes, 14 Mo. App. 173; Acts of 1881, p. 119;
State v. Daniels, 66 Mo. 192; State ex rel. v. Laughlin, 73
Mo. 443.

Edward C. Crow, Attorney-General, and Sam. B.
Jeffries, Assistant Attorney-General, for the State.

(1) It is the accepted rule of all courts that the right of
the judiciary to declare a statute void and thereby arrest its
execution is one which is coupled with responsibilities so
grave that it is never to be exercised except in a very clear
case. State ex rel. v. Pond, 93 Mo. 606; Edwards v. Les-
ueur, 132 Mo. 410; State ex rel. v. Railroad, 92 Mo. 137.

State v. Hill.

(2) And unless the statute appears unconstitutional beyond a reasonable doubt the court will not undertake to declare it so.    State v. Able, 65 Mo. 357; Ewing v. Hoblitzelle, 85 Mo. 64; Kelly v. Meeks, 87 Mo. 396.    (3) Every statute will be presumed to be constitutional until the contrary plainly appears, and it is only where it manifestly infringes some province that it can be declared void.    Railroad v. Shambaugh, 106 Mo. 557; Deal v. Miss. Co., 107 Mo. 464; State ex rel. v. Wofford, 121 Mo. 61; State ex rel. v. Yancy, 123 Mo. 391.    In fact, no legislative act will be declared unconstitutional unless clearly shown, and every reasonable intendment should be made to sustain it.    State v. Hope, 100 Mo. 347; State ex rel. v. Jackson, 102 Mo. 531; State ex rel. v. Simmons Hardware Co., 109 Mo. 118; Murnane v. St. Louis, 123 Mo. 479; Kenefick v. St. Louis, 127 Mo. 1. (4) The question as to whether a law is local or general is to be determined by the generality with which it affects the people as a whole rather than by the extent of territory over which it operates.    State ex rel. v. Yancy, 123 Mo. 391; State ex rel. v. Stratton, 136 Mo. 423.    (5) The Constitution of the State of Missouri, article 4, section 53, clothes the Legislature with authority to establish criminal courts in counties of over fifty thousand people, and it has been held that this authority can be exercised by general legislation, and that it does not require that form of proceedings necessary in legislation special and local in character.    No law can be either special or local within the meaning of the Constitution, which results, directly or indirectly, from a specific constitutional requirement.    State ex rel v. Hughes, 104 Mo. 470.    (6) There is no doubt but that the establishment of a criminal court in Buchanan county was a power granted the Legislature by the Constitution, and such power is exercisable in a general way and not as special or local acts.    No law is special or local within the meaning of the constitutional inhibition when the Constitution contains a specific grant of power to pass the

same.    State ex rel. v. County Court, 50 Mo. 317; State ex rel. v. Watson, 71 Mo. 470; State ex rel. v. Tolle, 71 Mo. 645.

SHERWOOD, J.—The powers and jurisdiction of the judge of the criminal court of Buchanan county are defined in section 3, page 2209, 2 Revised Statutes 1889.   That section as it was originally, and the amendment thereto, approved March 1, 1897, are as follow, the amendment being indicated by the brackets:   "Section 3.  Powers and Jurisdiction.—The judge of said court shall be a conservator of the peace throughout his county, and shall have the power and jurisdiction to issue, hear and determine writs of *habeas corpus,* and to admit to bail all parties entitled thereto, and shall have such powers as the several judges of the circuit courts of this State have in criminal cases, [and may be called upon by the judge of any circuit in this State to try any cause pending in such circuit in which a change of venue has been granted from the judge, or to hold any term or part of term of court for such circuit judge, and in such matters shall have such powers as the several judges of the circuit courts of this State now have in civil and criminal proceedings]."   Acts 1897, p. 79.

If the foregoing amendment is valid, then the judge of the criminal court of Buchanan county had the right to sit in the trial of this cause on the bench of the circuit court of Platte county, having been called upon so to do by the judge of that court.

In order to determine the question thus presented, it is necessary to examine the provisions of section 53 of article IV of the Constitution, so far as applicable to the case before us.

The General Assembly is prohibited from passing any local or special law, "regulating the practice  or jurisdiction of, or changing the rules of evidence in  any judicial proceeding or inquiry  before  courts," etc.  Is the amendment of 1897 then "a local or special law?"

In Ex parte Allen, 67 Mo. 534, it was held that "an act making provision for supplying the place of a criminal judge

in the event of his sickness, absence or inability to hold court" was one regulating the criminal practice and proceedings in courts of record.

And in State v. Kring, 74 Mo. 612, it was decided that the act approved March 26, 1881 (Laws of 1881, p. 119), in relation to, and which changed, the method of procedure only in the criminal court of St. Louis, was a special law, inasmuch as it was confined in its operation to that one court, and was therefore violative of section 53 of article IV of the Constitution aforesaid. In the light of these authorities, and in the light of the plain provisions of the Constitution already cited, the law before us can not escape the condemnation of being a local or special law, one which regulates the practice and jurisdiction of courts.

The law under consideration is invalid for another reason, even if concession be made that the legislature could validly pass a local or special law for the purpose indicated; paragraph 32 of article IV of the Constitution declares: "In all other cases where a general law can be made applicable, no local or special law shall be enacted." That a general law could be made applicable to judges of criminal courts all over the State, no one can doubt. Thus a statute which made it a misdemeanor for barbers to shave their customers on Sunday, was held to be a local or special law, where a general law could be made applicable. [State v. Granneman, 132 Mo. 326.]

The act of 1897 is also obnoxious to other objections: Its operation is not uniform. In Buchanan county the judge of the criminal court has only "such powers as the several judges of the circuit courts of this State have in *criminal* cases," but whenever he steps over the line of Buchanan county, he immediately assumes the proportions and jurisdiction of a circuit judge in *civil* as well as in *criminal* cases.

Touching this topic of the uniform operation of a law, Judge Cooley observes: "Those who make the laws 'are to govern by promulgated, established laws, not to be varied in

particular cases, but to have one rule for rich and poor, for the favorite at court and the countryman at plough.' This is a maxim in constitutional law, and by it we may test the authority and binding force of legislative enactments." [Const. Lim. (6 Ed.), 483, and cases cited.]

"The legislature may suspend the operation of the general laws of the State; but when it does so the suspension must be general, and can not be made for individual cases or for particular localities." [Ib., 482, and cases cited.]

By the general laws of the State the judges of the criminal courts of the State could not be called out of their respective counties to sit on a circuit bench in other counties; by the law in question that general law is suspended only in a particular locality, to wit, Buchanan county. While in that county the judge of the criminal court is, as such judge of such court, subject to the control of the circuit court of his county, but when he is *dehors* the county, he becomes a controller of the criminal court of any county into which he may be called to exercise his newly-found and newly-fledged functions. Nor is it possible to separate the civil powers of the judge thus called in from his *criminal,* since the legislature evidently had but one object in view; its purpose was evidently to confer *both* civil and criminal jurisdiction. This being the case, the whole statute must fail. [Cooley's Const. Lim. 211.]

As the defendant was tried and convicted under an unconstitutional law, we reverse the judgment and remand the cause. All concur.