## ASHBROOK, Appellant, v. SCHAUB.

### Division One, February 12, 1901.

1. **Criminal Judge of Buchanan County: JUDGE NO JURISDICTION IN CIRCUIT COURT.** The act of March 1, 1897, which undertook to extend the powers of the judge of the criminal court of Buchanan county to civil cases, by giving him power to hold a term of circuit court when called upon to do so by the circuit judge, is unconstitutional, in that it undertook to amend a mere local or special law by extending the local powers of the local or criminal judge over the entire State; and a judgment for debt, rendered in a circuit court presided over by such criminal judge, is void, because of a lack of jurisdiction in him to render it.

2. ————: **AMENDING LOCAL LAW.** A local law passed in the manner prescribed by the Constitution can be amended only by pursuing the same prerequisites and methods required for the enactment of the original act.

*Transferred from Kansas City Court of Appeals.*

JUDGMENT OF CIRCUIT COURT REVERSED AND REMANDED.

*James Limbird* for appellant.

Judge Culver had no authority to hold said term of said court or jurisdiction to try said cause, because said act approved March 1, 1897, Laws 1897, p. 79, is unconstitutional and void. It is an attempt by a general law to amend section 3 of special act creating a criminal court for Buchanan county, approved March 24, 1895. R. S. 1889, pp. 2208-2210. It violates section 53, paragraph 18, article 4, Constitution. State v. Kring, 74 Mo. 612. His jurisdiction is limited to his county, and to criminal cases. State v. Hill, 147 Mo. 63.

*T. W. Harl* for respondent.

MARSHALL, J.—This cause was transferred to this court by the Kansas City Court of Appeals because there is a constitutional question involved.

The plaintiff sued the defendant before a justice of the peace, in Buchanan county, for a balance of fifty dollars claimed to be due for board, furnished by the plaintiff to one John Baringer, under an alleged contract therefor with the defendant, and recovered a judgment for $28.10. The defendant appealed to the circuit court of Buchanan county. The judge of the circuit court, Hon. T. H. Parrish, was sick and he requested Hon. Romulus E. Culver, judge of the criminal court of that county, to hold the September term, 1897, of that court for him, which he did, and tried this case, and declared that the contract was void under the Statute of Frauds, and therefore entered judgment for the defendant. The plaintiff filed a motion in arrest of judgment on the ground *inter alia,* that the Act of March 1, 1897 (amendatory of the Act of March 24, 1885) is unconstitutional and void. This motion was overruled, and plaintiff perfected his

appeal to the Kansas City Court of Appeals, and that court, as stated, transferred the case to this court.

## I.

The constitutionality of the Act of March 1, 1897, (Laws, 1897, p. 79) is drawn in question.

The Act of March 24, 1885 (Laws 1885, p. 136), created a criminal court for Buchanan county, and vested the judge of that court with the powers of a judge of the circuit court in criminal cases, in that county. This act was passed strictly in accordance with the provisions of section 54, article 4 of the Constitution. That act conferred no jurisdiction upon that court in civil causes and conferred upon the judge of that court power only in criminal cases in Buchanan county.

The Act of March 1, 1897, undertook to amend section 3 of the Act of 1885, by extending the power of the judge to civil cases, when he, "may be called upon by the judge of any circuit court in this State to try any cause pending in such circuit in which a change of venue has been granted from the judge, or to hold any term or part of term for such circuit judge, and in such matters shall have such powers as the several judges of the circuit courts in this State now have in civil and criminal proceedings."

This amendment was passed without regard to the requirements of section 54, of article 4, and undertook to amend a mere local law by extending the power, in criminal cases, of the local judge, all over the State in civil as well as criminal cases.

It is here urged that the amendment is in conflict with paragraph 18, section 53, article 4 of the Constitution, which prohibits the General Assembly from passing local or special law "regulating the practice or jurisdiction of, or changing the

Ashbrook v. Schaub.

rules of evidence in any judicial proceeding or inquiry before courts," etc.

The precise question was before this court in State v. Hill, 147 Mo. 63, and the Act of March 1, 1897, was held to be unconstitutional, for the reason that it violated section 53 of article 4 of the Constitution for the reason above stated, and also because it violated paragraph 32, section 53, article 4, which provides that "in all other cases where a general law can be made applicable, no local or special law shall be enacted," in that it gave the judge of the criminal court of Buchanan county jurisdiction in civil cases in any circuit court in the State, when he was requested to hold a term or part of a term for the judge of any circuit court, and did not confer similar jurisdiction and power upon the judges of the other local criminal courts throughout the State.

We are entirely satisfied with the result reached in that case, and have no disposition to disturb it. To what was therein said it may be added, that a local law passed in the manner provided by section 54 of article 4, can only be amended by pursuing the same prerequisites and methods that are required for the adoption of the original act, and this was not done in this case. So that even if this amendment had been a special law and had not violated section 53 of article 4, it would be void because it was not adopted in the manner prescribed by section 54, article 4.

For these reasons it is plain that Judge Culver never had jurisdiction to try this case, and that in contemplation of law the case has never been tried in the circuit court.

The judgment is reversed and the cause remanded to be tried by the circuit court of Buchanan county.   All concur.