### No. 21,339.

THE STATE OF KANSAS, ex rel. J. B. WILSON, as County Attorney, etc., *Plaintiff*, v. BISMARCK DRAINAGE DISTRICT No. 1, OF DOUGLAS COUNTY, *Defendant*.

#### SYLLABUS BY THE COURT.

QUO WARRANTO—*Drainage District Supervisors—Tenure of Office—Constitutional Law.* The provision in chapter 168 of the Laws of 1911 fixing the tenure of office of the supervisors of a drainage district at five years is violative of section 2 of article 15 of the constitution; but as the term of office named in the act is void, the tenure is not in fact fixed, and the office is held subject to the appointing power, and therefore the invalid part does not render the whole act void.

Original proceeding in quo warranto. Opinion filed March 9, 1918. Judgment for defendant.

*S. D. Bishop, J. B. Wilson, Mina P. Dias, L. H. Menger, R. E. Melvin, Charles Gilmore, E. T. Riling,* and *John J. Riling,* all of Lawrence, for the plaintiff.

*Thomas Harley,* of Lawrence, for the defendant.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an action of quo warranto, in which the plaintiff is challenging the existence of the Bismarck drainage district No. 1 of Douglas county, which was incorporated under the provisions of chapter 168 of the Laws of 1911. The organization of the district was effected on June 15, 1916, and at an election held on July 6, 1916, five supervisors of the district were chosen, who, as the statute provides, determined by lot that their respective terms of office should be for one, two, three, four and five years, and until their successors were elected and qualified. It is provided that after the first election those chosen for supervisors shall hold their offices for a term of five years. (Laws 1911, ch. 168, § 6, Gen. Stat. 1915, § 3997.) The validity of the act is assailed on the ground that it violates section 2 of article 15 of the state constitution, which among other things provides that "the legislature shall not create any office the tenure of which shall be longer than four years." The drainage districts provided for in the act are municipal corporations, and their officers are vested with many important functions, including the condemnation of private property for a public purpose and the levy of taxes on the property within the district. The offices of the district were certainly created by the legislature and necessarily fall within the constitutional limitation which prohibits the fixing of the tenure of the office for longer terms than four years. That provision must therefore be treated as a nullity. The invalidity of the provision, however, does not impair the constitutionality of the whole act, as, the provision being a nullity, the act stands as if it had created the offices and prescribed their duties without fixing the length of their terms. This question was before the court in *Lewis v. Lewelling*, 53 Kan. 201, 36 Pac. 351, where it was held that—

"Where the statute fixes a term of office at such a length of time that it is unconstitutional, the tenure thereof is not declared by law, and the office is held only during the pleasure of the appointing power." (Syl. ¶ 4.)

The same rule was applied in *Wulf v. Kansas City*, 77 Kan. 358, 94 Pac. 207. Under this holding no doubt can arise as to the validity of the acts of the officers done since their election

because of the unconstitutional tenure, and besides it appears that four of them were chosen for terms not exceeding the constitutional limitation.

The judgment must therefore go in favor of the defendant.