THE STATE ex rel. ROY B. GARVEY v. THOMAS B. BUCKNER, Judge of Circuit Court of Jackson County, Criminal Division C.

In Banc, May 23, 1925.

1. **CONSTITUTIONAL LAW: Title: General Contents of the Act.** The provision of the Constitution that "no bill shall contain more than one subject, which shall be clearly expressed in its title" is to be liberally construed; and if the title indicates the general con-

tents of the act and the contents of the act fairly relate to and have a natural connection with the subject expressed in the title, the title does not violate said provision.

2. ———: ———: **Single: Administration of Justice: Amplification.** The title to an act which says that it is "an act in relation to the administration of justice in Jackson County," although this subject is amplified by detailing other kindred matters, contains but a single subject, which is clearly expressed, and if every provision of the act fairly relates to and has a natural connection with that subject, the title is sufficient. The rule is that where the contents of the act are harmonious and have a natural connection with one subject singly and clearly expressed in the title, it is of no consequence that the act does not legislate fully on the subject, or that some provisions of the act are not specifically mentioned in the title, or that by a refinement of terminology the minutiae of the act itself may be separately catalogued.

3. ———: **Local Act: Applicable to Only One County.** A legislative act authorized by the Constitution is not special or local, although its application is purely local. The Constitution (Secs. 22, 24, art. 4) provides that circuit courts shall have jurisdiction over all criminal cases not otherwise provided by law, and that circuits may be changed, enlarged, diminished or abolished, from time to time, as public convenience may require; consequently, an act relating to the administration of justice in Jackson County, abolishing the criminal court and vesting its jurisdiction in the circuit court, is not a local or special law in the constitutional sense.

4. ———: ———: **Determinative Factors.** Whether any legislative act be special or local must be determined by the generality with which it affects the people as a whole, rather than the extent of the territory over which it operates. If it affects equally all persons who come within its operation it is not local or special in the constitutional sense. An act relating to the administration of justice in Jackson County, which, in an attempt to carry out that purpose, abolishes existing criminal courts and vests their jurisdiction in the circuit court, applies equally and alike to all persons who come within its operation, and is not special or local.

5. ———: ———: **Published Notice.** If a proposed legislative act is not special or local, a published notice of an intention to apply for its enactment is not required by the Constitution (Art. 4, sec. 54).

6. **RULES: Alteration: Promulgation: Jurisdiction.** The jurisdiction of a criminal division of the Circuit Court of Jackson County to try a particular criminal case, which has been transferred to it in accordance with rules adopted and promulgated by the judges of

the court, is not affected by the fact that at the time the transfer is made the rules have not been printed, or transcribed by the clerk from his minutes upon his permanent record; nor is it material whether such transfer violates previous rules which the newly adopted rules modify and supplant. Rules made to aid the court in the apportionment and dispatch of its business are matters of convenience, and the jurisdiction of any division of the court to try a particular case is not affected by their adoption or promulgation. And particularly should such be the ruling where such rules of convenience are authorized by the statute creating the divisions and authorizing an apportionment of the court's work among them.

7. **INFORMATION: Lodgment with Clerk: Filing.** A record of the criminal division of the Circuit Court of Jackson County reciting that on a particular day "comes the prosecuting attorney and files the following information," shows that the information was lodged or deposited with the clerk, and shows a filing of the information in said circuit court, and in a particular division thereof, under the rules of said circuit court and the statute (Sec. 2454, R. S. 1919).

Citations to Headnotes: Headnote 1: **Statutes,** 36 Cyc. pp. 1018, 1028, 1029. Headnote 2: **Statutes,** 36 Cyc. pp. 1028, 1029, 1038. Headnote 3: **Courts,** 15 C. J. secs. 184, 418; **Statutes,** 36 Cyc. pp. 990 (Anno), 1012. Headnote 4: **Statutes,** 36 Cyc. pp. 986, 987. Headnote 5: **Statutes,** 36 Cyc. p. 947 (Anno). Headnote 6: **Courts,** 15 C. J. secs. 282, 283 (Anno). Headnote 7: **Indictments and Informations,** 31 C. J. sec. 149.

## Prohibition.

PRELIMINARY RULE DISCHARGED.

*Charles M. Howell, Daniel V. Howell, C. P. LeMire, E. M. Tipton, Joseph S. Brooks* and *M. E. Casey* for relator.

(1) The act of March 11, 1921, purporting to abolish the criminal court of Jackson County, the offices of judges and clerks thereof, the office of marshal of Jackson County, and revesting jurisdiction, powers and duties (Laws 1921, p. 220), is unconstitutional and void: because in contravention of Section 28, Article IV, Constitution, providing that "no bill . . . shall contain more than one subject, which shall be clearly expressed in its title." The bill contains many subjects. They are:

(a) The abolishment of the criminal court of Jackson County; (b) the abolishment of the offices of judges of that court; (c) the abolishment of the offices of clerks of that court; (d) the abolishment of the office of marshal of Jackson County; (e) vesting of jurisdiction of the criminal court in the circuit court and transferring business thereof to said circuit court; (f) providing for appeals and writs of error to the Supreme Court and Kansas City Court of Appeals and the remanding of cases from said appellate courts; (g) providing for the transfer of records, dockets, etc., in the office of the clerk of the criminal court to the office of the clerk of the circuit court, and providing new duties for the clerk of the circuit court; (h) providing that the judges of the Sixteenth Judicial Circuit shall assign one or more of their number, who shall sit separately for the trial of criminal cases (Sec. 7); (i) providing for the summoning of grand juries at each term of court (Sec. 7); (j) providing new duties for the Prosecuting Attorney (Sec. 8); (k) providing that the judges of the circuit court shall adopt rules and regulations necessary or expedient to carry the act into effect. State v. McEnery, 269 Mo. 228; State ex rel. v. Roach, 258 Mo. 560; State v. Cantwell, 179 Mo. 260; State ex rel. v. Vandiver, 222 Mo. 219; State v. Miller, 45 Mo. 495; Ewing v. Hoblitzelle, 85 Mo. 64; State ex rel. v. Miller, 100 Mo. 439; State ex rel. Kirkwood v. Heege, 135 Mo. 112; Elting v. Hickman, 172 Mo. 237; State ex rel. v. Gideon, 210 S. W. 359; State v. Sloan, 258 Mo. 305. (2.) The law is incongruous in that it omits to provide any method for the selection of juries or grand juries. Article IV of Chapter 53, sections 6672-6702 inclusive, provides for the method of selecting juries and grand jurors. State v. Miller, 45 Mo. 495; Ewing v. Hoblitzelle, 85 Mo. 64; State ex rel. v. Miller, 100 Mo. 439; State ex rel. Kirkwood v. Heege, 135 Mo. 112; Elting v. Hickman, 172 Mo. 237; State ex rel. v. Roach, 258 Mo. 541; State ex rel. v. Drabelle, 258 Mo. 568; State ex rel. v. Vandiver, 222 Mo. 206; State ex rel.

v. Gideon, 210 S. W. 359; State v. Sloan, 258 Mo. 305. See Secs. 6662, 6700, 6701, R. S. 1919 (amended by Laws 1921, Ext. Sess.) 73. (a) The sections of the statute as to grand jurors requires, that they shall be selected by the judge of the criminal court—a court has no jurisdiction to impanel a grand jury except in accordance with the statute. 17 Am. & Eng. Ency. Law, 1262. (b) Courts cannot supply omissions or mistakes of the Legislature, or enlarge the scope of a statute. United States v. Railroad, 91 U. S. 85; Hobbs v. McLean, 117 U. S. 579; State ex rel. v. Wilder, 206 Mo. 549; State ex rel. v. Riley, 203 Mo. 187; U. S. v. Goldberg, 168 U. S. 103. (3) The Act is unconstitutional and void because it is a local or special law within the meaning of Sec. 53, Article IV, Constitution, providing that the General Assembly shall not pass any local or special law (Par. 2), regulating the affairs of counties, cities, townships, wards or school districts (Par. 2); changing the venue of civil or criminal case (Par. 15); creating offices or prescribing the powers and duties of officers in counties, cities, townships, election or school districts (Par. 17); regulating the practice or jurisdiction of, or changing the rules of evidence in, any judicial proceeding or inquiry before courts, justices of the peace, sheriffs, etc. (Par. 30); summoning or empaneling grand or petit juries. State v. Logan, 268 Mo. 169; State ex rel. v. Roach, 258 Mo. 561; State v. Anslinger, 171 Mo. 611; State v. Hill, 147 Mo. 67; State v. Kring, 74 Mo. 612; Ex parte Allen, 67 Mo. 534; State ex rel. v. Messerly, 198 Mo. 351; Wooley v. Mears, 225 Mo. 41. (4) The Act is unconstitutional because it changes the practice in appeals and writs of error without complying with Sec. 34, Art. IV, Constitution. (5) The Circuit Court of Jackson County is without jurisdiction of the cause of the State of Missouri v. Roy Garvey, because no such case had been filed in the Circuit Court of Jackson County, the fact being that the prosecuting attorney attempted to file the case in the Circuit Court of Jackson County by filing the same in Division 8 of the Circuit

Court of Jackson County, then designated Criminal Division A, by reason of which neither the Circuit Court of Jackson County nor Division No. 8, so designated Criminal Division A, nor Division No. 9, nor Division No. 1, acquired any jurisdiction of the case of State v. Garvey. Secs. 2452, 2453, 2454, R. S. 1919.; Act March 11, 1921, Laws 1921, p. 202; Goddard v. Delaney, 181 Mo. 581; State ex rel. v. Eggers, 152 Mo. 487; Hachl v. Wabash Ry., 119 Mo. 337; Cole v. Horton, 251 S. W. 723; Title Guaranty & S. Co. v. Drennon, 208 S. W. 474; Meierhoffer v. Hansel, 294 Mo. 204; In re Ward Parkway, 188 Mo. App. 579. (6)  The jurisdiction in question is jurisdiction of subject-matter and cannot be conferred by consent or waiver. Meierhoffer v. Hansel, 294 Mo. 204; Title Guaranty Co. v. Drennon, 208 S. W. 474; State v. Bulling, 100 Mo. 91. (7)  Even though Division No. 9, sitting as Criminal Division A, had acquired jurisdiction of said cause, its transfer to the respondent judge of Division No. 1 purporting to sit as Criminal Division C, was without authority and in conflict with Rules 46 and 48, of the Rules of the Circuit Court of Jackson County, Missouri, and conferred no jurisdiction upon respondent. Secs. 2452, 2454, R. S. 1919. (8)  The alleged rules pleaded by respondent in his return do not confer any jurisdiction on Division 1. (a)  They were not of record nor in existence when the transfer from Division No. 9 to Division No. 1 was attempted. A record purporting to show the alleged rules has been written up since the relation was begun in this honorable court. Rules can exist only of record, and can have no effect until recorded. Owens v. Ranstead, 22 Ill. 171.; Burlington Railroad Co. v. Marchland, 5 Iowa, 471; McDonald v. State, 172 Ind. 395; 7 R. C. L. par. 53, 1026; Davis v. Railroad, 170 Ill. 595; Magnuson v. Billings, 152 Ind. 177; Chicago Ry. Co. v. Gregory, 123 Ill. App. 259; Ruby v. Title Co., 166 Ill. 336; Anderson Brick Co. v. Subbourik, 148 Ill. 586; 15 C. J. 907. (b)  The alleged rules, even if existing, do not repeal or modify Rules 46 and 48. They are to be

construed as a harmonious whole. Under both sets of rules, the cause should have gone to Criminal Division B (Division No. 5), not to respondent (Division No. 1). Stump v. Hornback, 94 Mo. 28; 36 Cyc. 1129; State ex rel. v. Board of Trustees, 192 Mo. App. 589; Strathman v. Railroad Co., 211 Mo. 251.

*J. C. Rosenberger* and *William S. Hogsett* for respondent.

(1) A statute will only be declared unconstitutional unless it clearly appears to be so beyond a reasonable doubt. State v. Hedrick, 294 Mo. 63; Ewing v. Hoblitzelle, 85 Mo. 69; Forgrave v. Buchanan Co., 282 Mo. 604; Wire Co. v. Wollbrinck, 275 Mo. 350; Greene County v. Lady, 263 Mo. 87; Board of Comms. v. Peter, 253 Mo. 530; State ex rel. v. St. Louis, 241 Mo. 247; State ex rel. v. McIntosh, 205 Mo. 602; Ex parte Loving, 178 Mo. 203. (2) There is only one subject in the title of the Act, "the administration of justice in Jackson County;" and all of the provisions of the act are germane to that subject. Coca Cola Bottling Co. v. Mosby, 289 Mo. 472; State v. Mullinix, 301 Mo. 389; State ex rel. v. Hedrick, 294 Mo. 43; St. Louis v. U. Rys. Co., 263 Mo. 452; Ex parte Karnstrom, 297 Mo. 391; Ex parte Hutchens, 296 Mo. 338; Forgrave v. Buchanan Co., 282 Mo. 605; State ex rel. v. Hackmann, 292 Mo. 31; Coffey v. Carthage, 200 Mo. 622; State ex rel. McClintock v. Guinotte, 275 Mo. 317; State ex rel. v. County Court, 128 Mo. 441; Lynch v. Murphy, 119 Mo. 169; Ferguson v. Gentry, 206 Mo. 198; Elting v. Hickman, 172 Mo. 252; State ex rel. v. Gordon, 261 Mo. 640; State ex rel. v. Vandiver, 222 Mo. 219; Ewing v. Hoblitzelle, 85 Mo. 70; State v. Miller, 45 Mo. 497; O'Brien v. Ash, 169 Mo. 299; In the Matter of Burris, 66 Mo. 466; State ex rel. Attorney General v. Mead, 71 Mo. 268; State v. Doerring, 194 Mo. 398; O'Connor v. St. Louis Transit Co., 198 Mo. 622; State ex rel. v. Roach, 258 Mo. 541; State ex rel. v. Drabelle, 258 Mo. 568; St. Louis v. Wortman, 213 Mo.

131; State ex rel. v. Wiethaupt, 231 Mo. 449; Burge v. Railroad, 244 Mo. 76; State ex rel. v. Buckner, 300 Mo. 367; Asel v. City of Jefferson, 287 Mo. 203; Murrell v. Railroad, 279 Mo. 104-105. (3) The act is not a local or special law within the meaning of Sections 53 and 54, Article IV, Constitution, and does not violate those constitutional provisions. State ex rel. Hughlett v. Hughes, 104 Mo. 459; State ex rel. v. Yancy, 123 Mo. 391; State v. Etchman, 189 Mo. 648; Coffey v. Carthage, 200 Mo. 616; State ex rel. Judah v. Fort, 210 Mo. 512; State v. Orrick, 106 Mo. 111; State ex rel. v. Field, 119 Mo. 611; Ex parte Renfrow, 112 Mo. 591; State ex rel. v. Dabbs, 182 Mo. 359; Guy v. Railroad, 197 Mo. 174; Eudaley v. Railroad, 186 Mo. 399; Leslie v. Chase Merc. Co., 200 Mo. 363; State ex rel v. Shields, 4 Mo. App. 259. (4) The filing by the prosecuting attorney of the information against relator in Division No. 8 (Criminal Division A) of said circuit court was proper. Rule 49 of Circuit Court. Said Rule 49 perforce of the statutes (Secs. 2450 to 2454, R. S. 1919) has all the effect of law. Meierhoffer v. Hansel, 294 Mo. 195. (5) The rules, orders and resolutions adopted subsequent to the last printed revision of rules are valid. (a) The orders of the court apportioning its criminal business are not invalidated merely because not written on the records by the clerk from his minutes until a subsequent date. Pelz v. Bollinger, 180 Mo. 259; Fontaine v. Hudson, 93 Mo. 69; State ex rel. v. Wray, 55 Mo. App. 646; Platte County v. Marshall, 10 Mo. 345; 15 C. J. p. 972. (b) Orders made by a court for its own convenience in the apportionment of its business among the judges are not such rules as are required to be published to give them validity. Sec. 7, Laws 1921, 221; 15 C. J. 911; State ex rel. v. First Judicial Dist., 49 Mont. 158, 141 Pac. 151; Kennedy v. Kennedy, 18 N. J. L. 51; Argus Co. v. Manning, 138 N. Y. 557; United States v. Breitling, 20 How. (U. S.) 252. (c) The Circuit Court, as a court of general jurisdiction, is entitled to the presumption of regularity and right action, and no showing having been

made that the orders or rules in question were not posted on the bulletin board or otherwise published, it will be presumed that this was done. (6) Wholly apart from the rules of court, the transfer of the case of State v. Garvey from Division No. 9 to Division No. 1 is upheld by the statutes applicable to the Circuit Court of Jackson County. Secs. 2452, 2457, R. S. 1919; Sections 7 and 9, Laws 1921, p. 222.

ATWOOD, J.—This is an original proceeding in prohibition. The relator is Roy B. Garvey, who is defendant in the criminal case of the State of Missouri v. Roy B. Garvey pending in Division No. 1 of the Circuit Court of Jackson County, Missouri. The respondent is judge of Division No. 1 of said circuit court. Relator stands charged with first degree murder alleged to have been committed on September 6, 1922. He seeks to prohibit respondent from entertaining jurisdiction and proceeding with the trial of said cause.

Relator was first proceeded against by indictment filed September 27, 1922. After numerous continuances, resettings and one change of venue, the case was dismissed on February 18, 1924. On May 28, 1924, the prosecuting attorney filed an information against relator, charging him with the same crime, upon which information defendant was arraigned, pleaded not guilty and the case was set for trial June 16, 1924, thereafter set for July 28, 1924, thereafter continued on defendant's application to September 8, 1924, thereafter reset for September 15, 1924, when relator filed application for change of venue from Judge Austin's division, which was Division No. 9 and designated as Criminal Division A, which change of venue was granted and the case transferred to Judge Buckner's division, which was Division No. 1 and designated as Criminal Division C. On September 16, 1924, relator filed application for a continuance, which was overruled, and the case set down for trial on the 22d day of September, 1924. On September 18, 1924, relator filed his petition here for writ

of prohibition and assigned the following grounds:

1. That the Act of March 11, 1921, is unconstitutional and void, because,

(a) It contains more than one subject, in violation of Section 28 of Article IV of the Constitution of Missouri.

(b) It is a local or special law, in violation of Section 53 of Article IV of said Constitution.

(c) No notice of intention to apply for the passage of said bill was published, in violation of Section 54 of Article IV of said Constitution.

2. That the transfer of the case by Division No. 9 to Division No. 1 was in violation of court Rules 46 and 48 pertaining to criminal causes, and therefore void.

3. That the rule adopted by the circuit court on Jaunary 1, 1923, and the said rule thereafter adopted, are null and void and in direct conflict with said act of the Legislature.

4. That relator's application for continuance filed on September 16, 1924, was improperly overruled.

Preliminary writ was issued. Respondent's return denies the existence of the grounds specified and relator's right to the relief prayed, and sets up new matter mainly relating to additional court rules or orders. After issue joined by relator's reply, Hon. William C. Lucas was appointed by this court as special commissioner, who took and returned testimony on issues of fact.

Relator's claims will be considered in the order pleaded.

He first says that the Act of March 11, 1921, is unconstitutional and void, because it contains more than one subject, in violation of Section 28, Article IV of the Constitution, which provides that "no bill . . . shall contain more than one subject, which shall be clearly expressed in its title." It is uniformly held that this provision should be liberally construed; that the title need only indicate the general contents of the act; and if the contents of the act fairly relate to and have a natural connection with the subject expressed in

Title.

the title they fall within the title. [State v. Mullinix, 301 Mo. 385; Ex parte Harvey Karnstrom, 297 Mo. 384; State ex rel. v. Hackmann, 292 Mo. 27; State ex rel. Mc-Clintock v. Guinotte, 275 Mo. 298; Coffey v. Carthage, 200 Mo. 616; 36 Cyc. 1017, 1028.]

The act in question consists of eleven sections found on pages 220 to 222 of the Laws of Missouri for the year 1921, and the title reads as follows:

"An Act in relation to the administration of justice in Jackson County; abolishing the criminal court of Jackson County and the office of judges and clerk thereof, abolishing the office of marshal of said county, and vesting the jurisdiction of said criminal court in the Circuit Court of Jackson County, and providing for the performance of the duties now performed by said clerk of the criminal court and said marshal of Jackson County."

This act relates to the "administration of justice in Jackson County." The act deals with this single, general subject. True, this subject is amplified, but it is singly and clearly expressed in the title. Every provision of the act fairly relates to and has a natural connection with the subject expressed in the title and therefore, falls within the title. There is no multiplicity. Moreover, the provisions enacted are all harmonious and compatible, and therefore not incongruous. Where the contents of the act are harmonious and have a natural connection with one subject singly and clearly expressed in the title, it is of no consequence that the General Assembly may not have fully legislated on the subject, that some provisions of the act are not specifically named in the title, or that by refinement of terminology the minutiae of the act itself can be separately catalogued. This point is ruled against relator.

Relator further says that the act is a local or special law, in violation of Section 53 of Article IV of the Constitution which provides that the General Assembly shall not pass any local or special law in some thirty-two specified cases. This section has frequently been here for construction and the unvaried

Local Law.

holding is that legislation authorized by the Constitution cannot be regarded as local or special, although its application is purely local. It is also held that whether an act be local or special must be determined by the generality with which it affects the people as a whole rather than the extent of the territory over which it operates, and if it affects equally all persons who come within its operation it cannot be local or special within the meaning of the Constitution. [State ex rel. Judah v. Fort, 210 Mo. 512; State v. Etchman, 189 Mo. 648; State ex rel. v. Yancy, 123 Mo. 391; State ex rel. v. Hughes, 104 Mo. 459.]

Section 22 of Article VI of the Constitution provides that the circuit court shall have jurisdiction over all criminal cases not otherwise provided for by law; Section 24 of said Article VI provides that judicial circuits may be changed, enlarged, diminished or abolished, from time to time, as public convenience may require; and Section 4 of the Schedule provides that all criminal courts organized and existing under the laws of this State, and not specially provided for in this Constitution, shall continue to exist until otherwise provided by law. These provisions undoubtedly constitute an ·express grant to the Legislature of power to pass the Act of March 11, 1921, and the act having been passed in pursuance of such express grant of authority in the organic law, it cannot be regarded as local or special. Furthermore, the law affects all persons alike who come within its operation, and hence it is not local or special. Every citizen of the State is interested in the operation of this law because he does not know in what hour he may need its protection.

Having held that the Act of March 11, 1921, is not local or special, it follows that relator's contention that

Notice. the act is in violation of Section 54, Article IV, of the Constitution, which requires that notice of intention to apply for the passage of a local or special bill must be published, is also without merit.

Relator also says that the transfer of the case by Division No. 9 to Division No. 1 was in violation of court **Rules.** rules 46 and 48 pertaining to criminal cases and therefore void. In his return respondent pleads rules or orders subsequently made by the court in banc for the apportionment and dispatch of its business which he says should be considered and construed in connection with printed rules 46 and 48. In reply relator says that because these subsequent rules or orders had not all been spread on the clerk's permanent record when relator's petition was filed they should not be considered in this proceeding.

Relator errs, failing to observe the sound distinction that exists between rules framed to guide and govern litigants, and rules or orders made to aid the court in the apportionment and dispatch of its business. Formal promulgation should precede the effective date of the former, but such need does not exist nor does such legal requirement obtain as to the latter. [15 Corpus Juris, 911-13.] The latter class of court rules or orders made for the more convenient dispatch of the court's business is fully authorized by Sections 7 and 10 of the Act of March 11, 1921, and the answer to relator's objection is well expressed under similar conditions in State ex rel. v. District Court, 49 Mont. 158, 141 Pac. 151:

"The question has been removed from the realm of doubt or uncertainty by positive statutory enactment. The members of the Legislature must have appreciated fully that the matter of distributing the business of a court between the judges presiding therein is one of convenience; that so long as the business is efficiently and expeditiously transacted, no one is concerned as to the particular judge who sits in the trial of a given case; that, if a division of the business is actually made, and in point of volume of business the division is an equitable one, the purpose of the law is subserved, and the interest of the public fully satisfied. . . . Whether criminal cases shall be tried in one department or the other

is a matter which cannot possibly interest anyone but the judges themselves.''

The additional rules or orders made by the court in banc on October 5, 1923, on January 21, 1924, on September 6, 1924, and on September 13, 1924, of which relator complains are clearly of this kind and the well recognized principle of law that orders of court are not rendered invalid by the clerk's mere failure to transcribe his minutes on the permanent record until a subsequent date, is upheld by an unbroken line of authorities in this State. [Pelz v. Bollinger, 180 Mo. 252; Fontaine v. Hudson, 93 Mo. 62; Platte County v. Marshall, 10 Mo. 346.] The evidence taken and returned by the Commissioner discloses no effort to suppress or conceal any rule or order, nor does it appear that anyone was deceived or relator's rights prejudiced in any way through failure to print. These orders are properly before this court and are to be considered.

The court's order of September 13, 1924, supra, created Criminal Division C. The court's order of January 21, 1924, provided that ''in event a change of venue is taken from any judge designated to try criminal causes, said causes shall be transferred to any other division designated by the court in banc for the trial of criminal causes.'' It was, therefore, entirely proper for Judge Austin on September 15, 1924, sitting in Division No. 9 (designated as Criminal Division A), to send the cause on change of venue to Division No. 1 (designated as Criminal Division C). Criminal Division C had been previously designated by the court in banc for the trial of criminal cases, and he had the right under the court's order to send the case of State v. Garvey to *any division* so designated. There is no merit in relator's contention that these rules or orders are null and void. However, without reference to these rules or orders of court, this transfer is upheld by statutory authority. [Secs. 2452, 2557, R. S. 1919, and Sec. 9 of Act of March 11, 1921, Laws 1921, p. 222.]

Relator's last ground pleaded was that his application for a continuance was improperly overruled. Relator ignores this assignment on brief, and properly so, because even if well founded it would be mere error not cognizable in this proceeding.

**Change of Venue.**

Another point raised in briefs, though not an issue under the pleadings, may be here dealt with. At page 163, Record No. 800 (Abs. pp. 90-91) of the Circuit Court of Jackson County, being record of Division No. 8, also designated as Criminal Division No. A of said circuit court, the following entry appears under date of May 28, 1924:

**Filing of Information.**

"Now on this date comes the prosecuting attorney and in open court files the following information, to-wit: No. C-2303, State of Missouri v. Roy B. Garvey—murder, first degree."

From this record entry relator argues that the information was never filed in the Circuit Court of Jackson County, which is the 16th judicial circuit, and respondent is therefore without jurisdiction of the cause.

Section 3849, Revised Statutes 1919, among other things, provides:

"Informations may be filed by the prosecuting attorney as informant during term time, or with the clerk in vacation, of the court having jurisdiction of the offense specified therein."

In legal contemplation the presentation and delivery of an information to the court or officer is the filing which dates from its receipt by the clerk and lodgment in his office, and whether the information is filed in term or in vacation the place of deposit is the same, that is, with the clerk. [State·v. Coleman, 186 Mo. 151; Baker v. Henry, 63 Mo. 517; State v. Grate, 68 Mo. 22; State v. Derkum, 27 Mo. App. 628.] Lodgment with the clerk of the proper court is the essential thing. The records upon which relator relies show that William H. Harper, Circuit Clerk, was present in court when the information was filed, and the information was thereafter produced

in his custody. From all the evidence we must conclude that the information was lodged with him as Clerk of the Circuit Court of Jackson County on May 28, 1924, and filed in the Circuit Court of Jackson County within the meaning of the statute.

Nor is the circuit court's jurisdiction impaired by the fact that this filing or deposit with the circuit clerk occurred in Criminal Division C, and that the circuit court's record so shows. Under Section 2454, Revised Statutes 1919, the court sits in division not only for the trial of causes, but for *the transaction of all other business* not specified in the preceding sections, and such business though transacted in division is none the less transacted by the circuit court. Whatever virtue rests in a court record of the fact that the prosecuting attorney filed the information during term time fully appears in the above record No. 800 at page 163. Fully cognizant of its power so to do the circuit court in banc by printed Rule No. 49 provided for the filing of criminal causes as follows:

"All criminal causes hereafter instituted in the Circuit Court, whether by information or indictment, and all criminal causes appealed thereto, shall be filed in the division of the Circuit Court that is then Criminal Division A. Said Criminal Division A shall then proceed to make up the issues in such causes and set the same for trial at the earliest possible date."

This rule rests on the same statutory authority as printed Rules 18, 22 and 25 prescribing the duties of the presiding judge, defining the assignment division, and relating to the filing and assignment of causes. If the circuit court in banc had power to provide where all pleadings in cases on the general docket should be filed (Rule 25), and that the presiding judge should have charge of the general docket, sit in a division designated for convenience only as the assignment division and there make up the issues and set down causes for trial (Rules 18 and 22), it also had the power to except criminal causes therefrom, as it expressly did in Rule 18, and

by Rule 49 direct that such causes be filed in Criminal Division A, that the issues be there made up and the causes set down for trial. Authorities cited by relator are not in point.

For the above reasons the preliminary rule is discharged and peremptory writ denied. All concur, except *Walker, J.* absent, and *Graves, C. J.,* who dissents.