STATE OF MISSOURI on the information of STANLEY WALLACH, Prosecuting Attorney of St. Louis County, Missouri, Appellant, v. CONRAD L. LOESCH ET AL., Respondents.—No. 38294.—169 S. W. (2d) 675.

Division Two, March 25, 1943.

990

*Roy McKittrick*, Attorney General, and *Harry H. Kay*, Assistant Attorney General, for appellant.

*Erwin F. Vetter,* County Counselor of St. Louis, for respondents.

992

*Frank E. Shaw,* Colonel, J. A. G. D., The Judge Advocate, Seventh Service Command, by *Bert E. Church,* Captain, J. A. G. D., Litigation Officer, Seventh Service Command, *amicus curiae.*

WESTHUES, C.—This is a quo warranto proceeding to oust respondents Conrad L. Loesch, William Bruemmer, Norman Risch, William Dierberg, Sr., James H. O'Brien, Henry J. Babler and Edward J. Bayer, as members of the County Planning Commission of St. Louis county, Missouri. Appellant's brief contains a fair statement of the case which we have seen fit to adopt. It reads:

"The Sixty-first Session of the General Assembly of Missouri passed an act relating to county planning and zoning. The act authorized the county courts of counties affected by the act to provide for the preparation, adoption, amendment, extension or carrying out of a county plan, and to create by order a county planning commission with powers and duties in said act set out. The act, which contained an emergency clause, was approved by the Governor on August 8, 1941, and hence went into effect on that date.

"On September 26, 1941, the County Court of St. Louis County, which county came within the terms of said act, made and entered of record an order establishing and creating a county planning commission in accordance with the provisions of the Planning and Zoning Act passed by the General Assembly as aforesaid, and appointed respondents as members of said planning commission. Said commission organized by appointing respondent Conrad L. Loesch as chairman. The commission opened an office in a building used to house some of the county offices. On October 6, 1941, the county court made and entered of record an order directing the planning commission, theretofore appointed, to assume the jurisdiction of all papers, plats, files, etc., formerly under the jurisdiction of the previous county planning commission.

"On November 21, 1941, the appointed planning commission filed with the county court an itemized request for a budget allowance for the year 1942. Said request included items for office rent, office equip-

ment and supplies, secretary, automobile, stenographer, maps, blueprinting and photostatting, postage, planner and engineer, consultant engineer, printing and advertising, draftsman, assistant draftsman, and miscellaneous help and traveling expenses. Thereafter, the adopted budget of St. Louis County for 1942 included an item of $5,000.00 for the expenses of the operation of said county planning commission. At the time of the trial of this case in the circuit court the said commission had not made any contracts, employed anyone, or expended any of the money allotted to it by the county budget, but the chairman testified that the commission had had several meetings and that they purposed to go ahead with the functions of the commission whenever this litigation was disposed of.

"On November 21, 1941, the Prosecuting Attorney of St. Louis County commenced this action by filing an information in quo warranto in the Circuit Court of St. Louis County, asking that court to oust the respondents as members of the county planning commission for the reason that the Planning and Zoning Act passed by the General Assembly in 1941 violated certain provisions of the Constitution of Missouri and of the Constitution of the United States. Respondents answered to said action by admitting their appointment under the terms of said Planning and Zoning Act of 1941, and by asserting that said act was constitutional and valid. They also attacked the propriety of the action and asserted that the Prosecuting Attorney did not have lawful authority to bring the action. The circuit court rendered judgment in favor of respondents, specifically decreeing and adjudging that respondents were duly and legally appointed members of the St. Louis County Planning Commission, pursuant to the Planning and Zoning Act of 1941, and that said law was valid, legal and constitutional. The relator, State of Missouri, ex inf. Stanley Wallach, Prosecuting Attorney of St. Louis County, Missouri, appealed."

The law under consideration will be found in Laws of Missouri, 1941, pages 465 to 480. Reference to the law in this opinion will be made by section number only. Respondents in their brief in this court abandoned the following two points made in the trial court: First, that the prosecuting attorney was without authority to institute this proceeding; second, that the members of the County Planning Commission are not public officers. These points will therefore not be considered.

Appellant in its brief, contending the act to be unconstitutional, makes four separate attacks upon the article. We will dispose of these in the order as briefed. The first point as briefed reads as follows:

"The Planning and Zoning Act of 1941 violates Section 14 of Article IX of the Constitution of Missouri in that it provides for the

appointment of county officers for public convenience and provides for said officers a term of office exceeding four years.''

Section 15349 does provide that the term of office of the commissioners shall be six years. The constitution, Section 14, Article IX, prohibits the creation of any term for county officers for more than four years. Respondents concede that this section does not harmonize with the constitution, but contend that that does not vitiate the balance of the zoning act. It will be noted that the legislature, by section 15364, declared that if any section or part thereof shall be held to be invalid such decision shall not affect the validity of the remaining portion of the law. The portion of section 15349 fixing the term of the commissioners at six years is unconstitutional as to the excess and we so hold. It does not follow, however, that the whole section is void. The legislature expressed its intent that the whole act should not be held invalid even if a portion thereof should not meet approval. Such is a general rule. If the purpose for which an act has been passed can be accomplished without the portion held unconstitutional, the good portion will be permitted to stand, unless it is apparent that the legislature would not have enacted the law without the portion held bad. Cooley's Constitutional Limitations, 8 Ed., vol. 1, pages 359, etc. Eliminating the six year term does not jeopardize the purposes for which the law was enacted, nor does it destroy the other provisions of section 15349. The legislature clearly indicated that the terms of office of the members of the commission should be for a definite number of years and that the terms should not expire at the same time. Note the language of section 15349:

''The term of each appointed member shall be six years or until his successor takes office, except that the terms shall be overlapping and that the respective terms of the members first appointed may be less than six years.''

In 46 C. J. 965, sec. 101, we note the following:

''In case the legislature provides for a longer term than is permitted by the constitution, the act is ordinarily held to be valid as to the term permitted by the constitution, and void only as to the excess. . . .''

A number of cases are cited as sustaining that rule. The application thereof seems to be feasible and logical in the case before us and in harmony with the legislative intent. Cases sustaining this conclusion are: Commissioners of Sinking Fund v. George et al., 104 Ky. 260, 47 S. W. 779, l. c. 783; Farmer v. Wiseman et al., 151 S. W. (2d) 1085, 177 Tenn. 578; Boyd v. Huntington, 11 Pac. (2d) (Cal.) 383. The term of office of the commissioners must therefore be limited to four years. We have not overlooked such authorities as State ex rel. Wilson v. Bismark Drainage Dist. No. 1, Douglas County, 102 Kan. 575, 171 Pac. 634, and People ex rel. Davidson v. Perry, 79 Cal. 105, 21 Pac. 423, where it is held that when by legislative act a term

is fixed beyond the constitutional limit then no term is fixed and the officer holds at the pleasure of the appointive power. That rule is not without logic or reason. However, in the case before us it was clearly the intention of the legislature to make the term of the commissioners for a definite period and to provide that the terms should overlap. That fact carried some weight with us in reaching the conclusion that the term as fixed was void only as to the excess.

 The next point as stated in appellant's brief reads as follows: "The Planning and Zoning Act of 1941 violates Section 1 of Article IV of the Constitution of Missouri in that it delegates powers belonging to the general assembly to the county court, the county planning commission and other boards and commissions."

The section of the constitution referred to reads:

"The legislative power, subject to the limitations herein contained, shall be vested in a Senate and House of Representatives, to be styled 'The General Assembly of the State of Missouri.'"

Appellant in its brief urges that the act violates the above constitutional provision in two respects: (a) That the act delegated to the county court the power to create a public office, and (b) that the act delegated to the county court and the planning commission legislative power in respect to police regulations. In discussing these points it is well to bear in mind that county courts were established by our constitution. By Section 1 of Article VI of our constitution the county courts are vested with judicial powers, and Section 36 of Article VI provides:

"In each county there shall be a county court, which shall be a court of record, and shall have jurisdiction to transact all county and such other business as may be prescribed by law."

By the above provision the people have authorized the legislature to grant to the county courts power to transact all business that may be necessary for the welfare of the county whether it be judicial or administrative. It may be conceded, however, that the legislature must retain unto itself legislative power, and that it cannot delegate such power to the county courts. Now as to appellant's point (a). If the act delegated to the county court the power to create a public office then the act is unconstitutional. Section 1, Article IV, Missouri Constitution; State ex rel. Rosenthal v. Smiley, 304 Mo. 549, 263 S. W. 825, l. c. 827; State ex rel. Crain v. Moore, 339 Mo. 492, 99 S. W. (2d) 17, l. c. 22. Section 15348 provides in part:

"The county court of any such county is hereby authorized and empowered to provide for the preparation, adoption, amendment, extension or carrying out of a county plan and to create by order a county planning commission with the powers and duties as set forth in this article."

If we were to look only to section 15348, supra, then without doubt the legislature would have delegated legislative powers to the county

court in violation of the constitutional provision in that it authorized county courts to create a planning commission. However, when the whole article is read it becomes obvious that the legislature itself has created a planning commission, and the only matter left to the county courts is the appointing of members of the commission. Had section 15348 contained the word "appoint" in lieu of the word "create" it would have harmonized perfectly with the balance of the act. In the article the legislature prescribed the number of commissioners, the length of their term of office and how they were to be selected. All is provided for except naming them. Note section 15349 reads in part as follows:

"Such county planning commission shall consist of one of the judges of the county court selected by the county court, the county highway engineer, and one resident freeholder appointed by the county court from the unincorporated part of each township in the county, except that no such freeholder shall be appointed from a township in which there is no unincorporated area. Said township representatives are hereinafter referred to as appointed members. . . . All members of the county planning commission shall serve as such without compensation. The planning commission shall elect its chairman who shall serve for one year."

Also note the forepart of section 15360, providing for a board of zoning adjustment. It reads:

"Any county court which *appointed* a county planning commission and which has adopted a zoning plan, as provided in this article, . . . " (Italics ours.)

The legislature therefore had in mind that the county court was to "appoint" and not "create" a commission. It left nothing else for a county court to do. We are of the opinion that the Smiley and Moore cases, supra, control the question before us. In the Smiley case this court in 263 S. W., page 827 (1) said:

"The Legislature could not, therefore, delegate to county courts in counties having a population of 100,000 inhabitants or more the power to create the office of county counselor. It did not ▮▮ attempt to do so. The statute itself creates the office, potentially, to come into actuality upon the happening of a future contingency; namely, the exercise of the power of appointment conferred by it upon the county court. State v. Wilcox, 45 Mo. 458, 464."

In the opinion in the Moore case many authorities are cited and the question is considered at length. See also 12 C. J. 864, sec. 365, 16 C. J. S., 414, sec. 141.

▮ We will now consider point (b) of appellant's brief on the question of whether the act delegated police powers to the county court and the planning commission. Appellant has carefully and ably briefed the point that the article in question is a police power measure. Respondents do not contend otherwise. The law was without doubt

enacted under the police power because its purpose is to safeguard the health, safety, morals and general welfare of the people. Appellant recognizes the rule that a legislature may grant to boards and bureaus power to promulgate rules and regulations. See State v. Kirby, 349 Mo. 988, 163 S. W. (2d) 990, l. c. 997 (15, 16):

"Many of the boards and bureaus above enumerated have also been given the power to promulgate rules and regulations which have the force of law. If these rules and regulations merely fill in the details of statutes duly enacted by the legislature, they are held valid."

That rule is supported by authorities cited in appellant's brief as well as in the opinion from which the above quotation was taken. See also Cooley's Constitutional Limitations, 8 Ed., vol. 1, page 224, etc. A county court, however, as above noted, is something more than a board or bureau. It is a court established by our constitution, clothed with judicial powers and such other powers as may be granted to it by the legislature. It is the fiscal agency of the county. It is the proper body to administer all of the county's business. With this in mind let us briefly analyze the legislative act in question and see if it violates the constitution in that legislative power has been granted to county courts. The act places in the county court the responsibility of determining the necessity of zoning as authorized by the law. Under the act the court holds the purse strings and no money can be expended except as appropriated by the court. All the actions of the planning commission must be approved by the court. The planning commission can make rules and regulations to transact its own business, but aside from that it is a mere agency to perform detailed work which later must be approved by the county court. Section 15351b provides that no plan or zoning as authorized may be adopted unless it has been approved by the state planning board, the commissioner of health and the chief engineer of the state highway commission. The above provision insures uniformity. Section 15354 provides that after a plan has been adopted the county court shall have authority to establish the plan by order of record. Section 15357 requires all regulations to be uniform for each class or kind of buildings or land throughout the district. Section 15356 contains many restrictions on the powers of the county court. For example, we find the following:

"*Provided, further,* that the provisions of this Act shall not be exercised so as to impose regulations or to require permits with respect to land, used or to be used for the raising of crops, . . ."

This section contains many other provisions tending to protect vested property rights of citizens. See State ex rel. Association For Convalescent Crippled Children et al. v. Corneli et al., 347 Mo. 1164, 152 S. W. (2d) 83. The law also requires public notice and a public hearing before any plan or amendment thereof can be legally adopted. Any party deeming himself aggrieved may appeal to the county board

of zoning adjustment as provided for by section 15360, and if dissatisfied with its ruling may appeal to the circuit court and thence to an appellate court. It seems to us that the law in question is a complete framework and the county courts were given the power to fill in the details. It certainly would not be feasible for the legislature, meeting only once every two years, to attend to the details delegated to be performed by the county courts. The county courts are the proper agency to control such local matters as the location of roads ·and bridges, the kind of buildings to be erected, the number of parks required, etc. All such matters were wisely, we think, left to the local government made up of men elected by the voters of the county. Further details of the act need not be stated. Enough has been related to demonstrate that the act does not delegate any powers to the county courts in violation of our constitution. Our conclusion is supported ▮▮▮ by numerous authorities. See 16 C. J. S. 406, ''County and County Officers'', and cases there cited. Also State ex rel. Frank v. Tegethoff, 89 S. W. (2d) 666, l. c. 669 (3), 338 Mo. 328; Acker v. Baldwin et al., 115 Pac. (2d) 455, 18 Cal. (2d) 341; Board of Com'rs. of Vanderburgh County v. Sanders, 30 N. E. (2d) 713, 218 Ind. 43.

▮ The article in question authorizes the county courts to make certain rules and regulations. Appellant contends that such regulations have the effect of law in that the county courts are authorized to say what shall be a crime. The legislature, by section 15363 of the act in question, declared that any violation of the regulations shall be a misdemeanor. No such power was granted to county courts. We ruled on a similar question in the case of State v. Dixon, 335 Mo. 478, 73 S. W. (2d) 385, l. c. 387 (3, 4). We there reviewed a number of authorities and held the power to make rules and regulations was not a granting of legislative power to declare what shall be a misdemeanor, since the legislature itself performed that function.

▮ In the next assignment appellant contends that the zoning act of 1941 violates Article III of the constitution in that it undertakes to authorize a branch of the judicial department of the state, that is the county court, to exercise the function of the general assembly. This question has been answered above. However appellant quotes Section 36 of Article VI of the constitution and says:

''It is true that by the foregoing provision of the Constitution the county court may be authorized to transact all county and such other business as may be prescribed by law. Under that provision it has often been held that the county court can exercise administrative functions which properly belong to the executive department of the government and some powers which logically belong to the legislative department, provided they pertain to *county* business. The exercise of police powers is not a part of *county* business. Neither is it a part of the *county* business to declare what is unlawful for citizens of

the county to do. Neither is it a part of *county* business to provide how a law shall be enforced."

If it is not the county's business to look after the health and welfare of people living in the unincorporated sections of a county, whose business is it? It seems to us to be purely the business of a county and its citizens and to be so self-evident it need not be considered. As to the next question in the statement above quoted, suffice to say that the act does not authorize county courts to declare what is unlawful. As to the last question suggested in the statement the act itself directs how the law is to be enforced. See section 15363.

█ It is urged in appellant's brief that the article violates Section 53, Article IV of the constitution because the act is local and special in character. Section 15348 declares that the article shall be applicable to any county in which, or to any county immediately adjoining which, there is now or may hereafter be located and constructed any permanent camp, cantonment, fort or training area of the United States army or any ordnance or ammunition plant, etc., "except any county which now contains or may hereafter contain a population of not less than four hundred thousand (400,000) nor more than six hundred thousand (600,000) inhabitants." Appellant insists that the classification as above declared is arbitrary and therefore amounts to special and class legislation. Appellant in its brief states that people within the different counties will not be affected the same because all legislation, rules and regulations to be made under the act are left to the discretion of the various county authorities. We cannot see any force in that argument. The conditions in one county may be entirely different from those in another county within the classification owing to the difference in topography, location and presence of streams, water supply, etc., so that what may be necessary to accomplish the purpose of the law in one county may not be necessary in another. Appellant also overlooks the provision in the act that the general plan must be approved by the state planning board, state health commissioner and chief engineer of the highway department, which to a certain degree insures uniformity. The argument simply illustrates the wisdom of the law in leaving to the local authorities the power to invoke the law when needed and to declare what plan will be necessary within the limitations of the statute to safeguard the welfare of the community. Appellant also asserts that counties such as Pulaski are arbitrarily thrown in with large counties like St. Louis county merely because they may have an army camp within them or may adjoin a county in which there is such a camp. It must not be overlooked that providing for the health and welfare of a rapidly growing community, caused by the location of an army plant, etc., was the very purpose for which the law was enacted. To take care of an emergency arising from such a mushroom growth section 15351a was enacted so that the local au-

thorities could protect the health and safety of the people. We think the classification is founded upon a sound basis. Waterman v. Chicago Bridge & Iron Works, 328 Mo. 688, l. c. 696, 41 S. W. (2d) 575, l. c. 577 (2, 3) (4); State ex rel. Garvey v. Buckner, 308 Mo. 390, l. c. 401, 272 S. W. 940, l. c. 942 (4, 5).

We now come to what we consider the most potent attack made by appellant upon the law in question. Appellant points out that the act excludes from its operation counties having a population between four hundred thousand and six hundred thousand and asserts that such counties have as much or more need for the legislation provided for in the article than counties with small populations which may adjoin a county in which may be located a war industry. We are inclined to agree with appellant. This is a police measure enacted primarily for the protection of the inhabitants of a rapidly growing community caused by the location of United States war industries. State ex inf. Barrett et al. v. Hedrick, 294 Mo. 21, 241 S. W. 402, l. c. 420 (16, 17), where the court said:

"A law may not include less than all who are similarly situated. If it does, it is special, and therefore invalid, because it omits a part of those which in the nature of things the reason of the law includes."

See also 16 C. J. S. 961, sections 493, 494. Perhaps the legislature was also of the opinion that such a classification was not justified, for at the same session, 1941, it enacted a similar law applicable to counties having a population of from four hundred thousand to six hundred thousand. See Laws of 1941, pages 481 to 489. We have compared the two acts and find that for all practical purposes they are identical. If the acts are considered together we must rule that the legislature has given substantially the same law to all counties affected by war industries. Now the question before us is, must the two acts be considered together or may we only consider the act which has been questioned in this case to determine whether it is constitutional. The writer has not found a case where this question has been discussed. We have read with much care authorities on the question of the functions of the judicial department of government and those of the legislative branch, particularly 16 C. J. S., sections 106 to 143, pertaining to legislative powers and delegation thereof, and sections 144 to 166, pertaining to judicial powers and functions, and many authorities cited therein. Our conclusion is that the judiciary cannot dictate to the legislative branch of the government on the question of the propriety of dividing laws on the same subject matter into separate articles or sections, even though we may think the whole law on the subject matter could well have been embodied in one act. The two acts, as we have said, are substantially the same. One of the differences lies in the personnel of the county board of zoning adjustment, as may be seen by comparing section 12, Laws

1002

1941, page 487, with section 15360 of the law under consideration. The legislature may have thought it necessary to divide the law into two separate articles so as to provide for the difference noted. It is not for us to say or to speculate as to why the legislature so provided. 16 C. J. S., 471, sec. 154; Cooley's Constitutional Limitations, 8 Ed., vol. 1, page 379. In fact that question is not before us. If we consider both acts the law is not vulnerable to the attack made by appellant that it is an unjust discrimination against counties containing four hundred thousand to six hundred thousand population. If the acts are considered separately then as above indicated the one under consideration is unconstitutional because of an arbitrary classification. It is a fundamental rule that courts shall, if possible to do so, harmonize statutes so as to render them constitutional rather than unconstitutional. If the two acts are considered together it is apparent that the legislature intended to make the law applicable to all counties which may be affected by war industries. We must therefore rule that the acts must be considered together so that they shall harmonize with the constitutional provisions. State ex inf. Barrett et al. v. Hedrick, 294 Mo. 21, l. c. 73, 241 S. W. 402, l. c. 419 (14); State ex rel. Webster Groves Sanitary Sewer Dist. v. Smith, 342 Mo. 365, 115 S. W. (2d) 816; 16 C. J. S. 470, sec. 153.

We have carefully considered all of the points raised by appellant and have concluded that the trial court correctly held the act of the legislature to be constitutional. The judgment is affirmed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.